HOTCHKISS and others against BUTLER and another :

### IN ERROR.

A declaration in ejectment, containing but one count, for several distinct parcels of land, is not bad for duplicity; though excepted to on that ground, by special demurrer.

THIS was an action of ejectment. The declaration, containing but one count, was as follows : That to the plaintiffs the defendants render the seisin and peaceable possession of two certain tracts or parcels of land, [describing them] containing thirty five acres, with all the buildings thereon, together with all the tools, machinery and fixtures for making brass and wood clocks ; both of which tracts of land, said machinery, fixtures and tools, the plaintiffs, on or about the 28th day of *July*, 1845, were well seised and possessed of, in their own right in fee, and so continued thereof possessed, until on or about the 1st day of *August*, 1845, when the defendants, without law or right, and contrary to the mind and will of the plaintiffs, thereinto entered, and ejected the plaintiffs therefrom, and ever since have, and do still continue to deforce and hold the plaintiffs out of the premises, taking the profits to themselves ; which is to the damage of the plaintiffs, &c.

To this declaration the defendants demurred specially, assigning for cause of demurrer, that the plaintiffs, in their declaration, had assigned two several and distinct causes of action, *viz.* that the defendants, on the 1st day of *August*, 1845, without law or right, entered into and ejected the plaintiffs from the parcel of land first described ; and that on said 1st day of *August*, 1845, the defendants, without law or right, entered into and ejected the plaintiffs from said other described parcel of land. The court adjudged the declaration sufficient, and thereupon rendered judgment for the plaintiffs. To obtain a reversal of this judgment, the defendants, by motion in error, brought the record before this court.

*Hooker*, for the plaintiffs in error, contended, 1. That a declaration containing in a single count two distinct causes of action, is bad, on special demurrer. *Gould's Plead.* 220. 1 *Chit. Plead.* 231.

2. That a disseisin involves an actual entry and adverse possession, by the disseisor. The entry must have been originally tortious, or is presumed by the law to have been so ; and the possession such as to lay the foundation for a title by adverse possession. Consequently, a disseisin of two separate parcels of land involves two separate and distinct tortious acts. 1 *Bou. L. Dict.* 331. 3 *Bla. Com.* 169. 1 *Sw. Dig.* 509. *Co. Litt.* 153. b. *Small* v. *Procter*, 15 *Mass. R.* 495.

3. That from these premises it follows, that a declaration setting forth, in a single count, a disseisin of two separate and distinct parcels of land, contains, in one count, two distinct causes of action, and is bad for duplicity. The entry upon one of the parcels, cannot, by any construction, be an entry on the other, even if such constructive entry would constitute a disseisin.

*Toucey*, for the defendants in error, contended, 1. That a party may sustain ejectment merely to recover possession : title in the plaintiff and possession in the defendant, constitute the foundation of the action.

2. That in this case, the plaintiff has alleged but one title and one disseisin. The situation of the land—whether lying all together, or in separate parcels—makes no difference. This position is fortified, by the consideration, that the tendency of the law in regard to causes of action, especially in modern times, is towards condensation, thereby curtailing litigation. It is also supported, by the analogies of the law in other cases. The cutting of a hundred timber trees, is regarded as one act, for which one action will lie.

3. That this declaration is conformable to the settled practice in this state ; and no inconvenience has resulted from it.

STORRS, J. Conceding that the declaration in this case, which contains only one count, alleges an ouster of several distinct pieces of land, the question is, whether it is, on that account, bad for duplicity.

The plaintiffs in error insist, that the general rule of pleading, that each count in a declaration must contain only one cause of action, is applicable to our action of ejectment, and that, under that rule, this declaration is objectionable.

This principle undoubtedly applies to most actions; but a defect of this description is always deemed to be one of mere form; and there has evidently been, for a long time, a disposition in the courts to relax the rule.   Indeed, exceptions to it, in several actions, have been made in modern times, as is obvious from the usual mode of declaring, now universally sanctioned, in trespass *quare clausum fregit*, with a *diversis diebus et vicibus*, and also in general *indebitatus assumpsit;* in each of which several distinct causes of action may be embraced in one count.   1 *Saund. R.* 24. n. 1.  1 *Chitt. Plead.* 258. 393, 4. (9th *Am.* ed.) *Main* v. *First School District &c. of Preston,* 18 *Conn. R.* 214.

We have not considered it necessary to enquire, whether, according to the usual application of the general rule to ordinary actions, this declaration would be obnoxious to the charge of duplicity; because we are of opinion, that an objection, on that ground, to a count in an action of ejectment, ought not to be sustained.

The action of ejectment in this state was devised, at a very early period of its settlement, as a simple, direct, comprehensive, and, it may be added, rational remedy, to enable a person entitled to the possession of land, in all cases, to recover it from him who withholds it; and was designed to supersede and get rid of the complication, technicalities and fictions of the real actions and the action of ejectment, which were in use in *England,* with their consequent delay and expense; and it has been found to be admirably adapted to that purpose. We are, therefore, at liberty, and are disposed, to preserve it, as it has hitherto been, in all its original simplicity, and not to introduce, without necessity, innovations in the practice with regard to it.   As far as we can ascertain, it has been the invariable practice, in this action, down to a very recent period, to unite several and distinct parcels of land in the same count; and no instance of several counts is to be found until within a very few years, when, undoubtedly from abundant caution merely, they have occasionally been introduced.  No inconvenience has resulted from the ancient practice; nor can any be foreseen, especially, when it is considered, that duplicity in all other actions is deemed to be merely a formal defect, to be taken advantage of only by a special demurrer; and that it does not, on the trial, interfere, in any degree, with the jus-

*Hartford,* July, 1847.

Hotchkiss *v.* Butler.

*Hartford,*
*July, 1847.*

Hotchkiss
*v.*
Butler.

tice of the case. We think, that the multiplication of counts in this action, would be a novelty in practice, attended with no advantages, which, although there may be no legal objection to it, we are not called upon to encourage.

There is, therefore, no error in the judgment complained of.

In this opinion the other Judges concurred.

Judgment affirmed.