## NEW LONDON CITY NATIONAL BANK *vs.* THE WARE RIVER RAILROAD COMPANY.

Where a writ runs—"then and there to answer, &c., in a plea of the case," it does not necessarily follow that the declaration is in case.

Where the declaration proceeded to allege that the defendants were indebted to the plaintiffs in the sum of two hundred and forty dollars, being semi-annual interest on certain mortgage bonds, (describing the bonds and interest coupons,) which the defendants, though often requested, had refused to pay, whereby an action had accrued to the plaintiffs to have and demand of the defendants said sum of two hundred and forty dollars, it was held to be a good declaration in debt.

The declaration set out in a single count eight interest coupons of thirty dollars each, distinguished from each other by a reference to the numbers of the bonds to which they severally belonged. Held that the count was not bad for duplicity.

And held that the coupons, though severally below the jurisdiction of the court, could be thus aggregated and the case brought within the jurisdiction.

Duplicity in pleading is but a defect in form, and the rules regarding it are now applied less rigorously than in former times.

The action being brought upon the coupons, no profert of the bonds was necessary.

A count in assumpsit for the same interest held bad because the bonds were under seal.

Also because the count alleged a promise in consideration of the indebtedness, but did not allege any time when it was made.

ACTION for the recovery of the amount of certain interest coupons upon bonds of the defendants ; brought to the Court of Common Pleas of New London County.

The first count of the declaration was as follows :—

Then and there to answer &c. in a plea of the case, whereupon the plaintiffs declare and say that the defendants, on the first day of June, 1873, were indebted to the plaintiffs in the sum of two hundred and forty dollars, payable in gold coin, the same being for semi-annual interest due and payable on eight of the first mortgage bonds of the defendants for the sum of one thousand dollars each, and numbered respectively, 178, 179, 180, 181, 182, 183, 184, and 185, as by certain coupons or interest warrants ready in court to be shown will appear. And the plaintiffs say that they were, on the first day of June, 1873, and now are, the bearers, holders and *bonâ fide* owners of said coupons or interest warrants, and which said coupons or interest warrants are in the words and figures following: "The Ware River Railroad Company will pay the bearer thirty dollars, at its agency in the city of New York, on the first day of June, 1873, in gold coin, for semi-annual interest on its first mortgage bond No. 178. OTIS LANE, Treasurer." [Here follow seven other coupons of the same form and for the same amount, on mortgage bonds numbered 179, 180, 181, 182, 183, 184 and 185.] As by said coupons or interest warrants ready in court to be shown appears. And the plaintiffs say that, on the first day of June, 1873, they made diligent search for the agency of said railroad company in the city of New York, at which to present said coupons for payment, but could find no such agency, and no such agency then existed in said city. And the plaintiffs afterwards, on the third day of September, 1873, presented said coupons to Otis Lane, the treasurer of said railroad company, at its office in Springfield, in said state of Massachusetts, and demanded payment of the same, and said railroad company by its said treasurer then and there refused to pay the same, nor have the defendants

New London City Bank *v.* Ware River Railroad Company.

ever paid the same, though thereto often requested; whereby an action has accrued to the plaintiffs to have and demand of the defendants said sum of two hundred and forty dollars in gold coin.

The second count was as follows:—

And the plaintiffs further declare and say, that the defendants, on the first day of June, 1873, were indebted to the plaintiffs in the sum of two hundred and forty dollars for semi-annual interest due and owing on eight one thousand dollar first mortgage bonds of the defendants, severally numbered 178, 179, 180, 181, 182, 183, 184, and 185, and of which said bonds the plaintiffs were the bearers, holders and *bonâ fide* owners, and being so indebted the defendants undertook and promised the plaintiffs to pay to them the same when thereto requested, yet the defendants, their said promises and undertakings not regarding, have never paid the same, though thereto often requested and demanded. All of which is to the damage of the plaintiffs the sum of three hundred dollars, and for the recovery thereof with just costs the plaintiffs bring this suit.

The defendants demurred specially to the declaration, assigning the following causes of demurrer:—1. That the first count of said declaration is, in form, a count in case, whereas it should be, in form, a count in debt. 2. That the said count is double, for that, if it shows any cause of action, it shows eight several and distinct causes, arising out of the supposed non-performance by the defendants of eight distinct contracts, and it also shows that the plaintiffs seek to recover in this suit under said count, upon each and every of the said causes of action, and not upon one only. 3. That the plaintiffs have not in said count made profert of the bonds or writings obligatory therein mentioned or shown any excuse for not producing them here in court. 4. That it is not alleged in, and does not appear by the second count of the said declaration, on what day, month or year the defendants made the supposed undertaking and promise therein mentioned.

The questions arising on the demurrer were reserved by the court for the advice of this court.

*Hovey*, in support of the demurrer.

1.   The first count, which was intended, apparently, to be a count in debt, is for interest due and payable on eight bonds of the defendants, which are referred to by their denominations and numbers, but not otherwise described, and must be regarded as a count, upon the bonds and not upon the coupons which are recited in it. The coupons are recited as evidence, merely, that the interest sued for was due. Each bond should, therefore, have been declared upon specially, with a profert, or an excuse for the want of it. *Crosby* v. *New London, Willimantic & Palmer R. R. Co.*, 26 Conn., 121; *Atty* v. *Parish*, 1 Bos. & Pul. N. R., 104; 1 Chitt. Pl., 114, 265. But this count, regarded as a count upon the bonds, has another fatal defect. It contains no allegation that the interest sued for has not been paid.

2.   If upon any principle of construction recognized by the rules of pleading, the first count could be regarded as a count upon the coupons which it recites, it would be bad for duplicity. *Hotchkiss* v. *Butler*, 18 Conn., 287; Gould's Pl., ch. 4, § 99; 1 Chitt. Pl., 226. And if relieved by amendment of that infirmity, it would not be within the jurisdiction of the Court of Common Pleas. It would be bad also, because it does not allege that the defendants executed the coupons, or authorized them to be executed by Otis Lane, treasurer, or agreed to pay them, or that they were to be paid by the defendants.

3.   The second count, being a general count in assumpsit for interest upon eight bonds of the defendants, is bad, because assumpsit will not lie upon a sealed instrument. But if that objection did not exist, this count could not be sustained, because the time of making the promise which it declares upon is not alleged. *Sage* v. *Hawley*, 16 Conn., 111; Gould's Pl., ch. 3, § 63.

*Willey,* contra.

1.   The first count in the declaration is in debt.   The words
" in a plea of the case," may be treated as surplusage.   If
stricken out, the count remains a good count in debt.   Sur-
plusage does not vitiate pleading even in point of form.
Gould's Pl., ch. 3, § 170 ; *Hoyt* v. *Seeley,* 18 Conn., 353.

2.   The count is not bad for duplicity.   It declares that
the defendants, on the 1st day of June, 1873, were indebted
to the plaintiffs in the sum of $240, and then sets forth the
character of that indebtedness.   *Hotchkiss* v. *Butler,* 18
Conn., 287.

3.   But it is claimed that to recover the interest due on
bonds, the plaintiff must make a profert of the bonds, or at
least show an excuse for not offering to produce them in
court.   " The holder of coupons which have been cut off
from the bonds, may bring suit on them if they represent
interest already due, though he is not the holder of the bonds,
and need not produce the bonds."   *City of Kenosha* v. *Lam-
son,* 9 Wall., 477 ;   *City of Lexington* v. *Butler,* 14 id., 283 ;
*Thompson* v. *Lee County,* 3 id., 327.

4.   The second is a good count in assumpsit.   It is suffi-
ciently alleged that the defendants on the 1st day of June,
1874, undertook and promised to pay.   Assumpsit and debt
may be joined by statute.

FOSTER, J.   To the declaration in this case, consisting of
two counts, the defendants demur specially ; setting forth
three causes of demurrer to the first count, and one cause to
the second.

The first cause of demurrer assigned to the first count is,
that it is, in form, a count in case, whereas it should be, in
form, a count in debt.

The defendants in this count are summoned to answer to
the plaintiffs " in a plea of the case," &c.   No doubt these
are apt words to precede a count in case, but they are not
conclusive or controlling.   If found preceding a count in
another form of action, they are quite powerless to change
that form into an action on the case.   The contents of a paper

must determine its character, and properly its name ; not its name its character.

The pleader goes on to allege, that on the first day of June, 1873, the defendants were indebted to the plaintiffs in the sum of $240, payable in gold coin, the same being for semi-annual interest due and payable on certain mortgage bonds of the defendants, [particularly described in said count,] the same being eight in number, as by certain coupons or interest warrants ready in court to be shown will appear—that on said first of June, 1873, the plaintiffs were and now are, the bearers, holders, and *bonâ fide* owners of said coupons or interest warrants, which are in the words and figures following :—[they are then severally set out at length]. It is then averred, that on the first of June, 1873, the plaintiffs made diligent search for the agency of the defendants in the city of New York, where said coupons were made payable, at which to present the same for payment, but could find no such agency, and no such agency then existed in said city. And that afterwards, on the third day of September, 1873, the plaintiffs presented said coupons to the treasurer of the defendants, at his office, &c., and demanded payment of the same, and the defendants, by their treasurer, then and there refused to pay the same, nor have the defendants ever paid the same, though thereto often requested, whereby an action has accrued to the plaintiffs to have and demand of the defendants said sum of $240 in gold coin.

That this is a count in debt admits, we think, of no possible doubt.

The second cause of demurrer to this count is, that it is double, in that, if it shows any cause of action, it shows eight several and distinct causes, and seeks to recover in this suit upon each and every of said causes of action, and not upon one only.

Duplicity in pleading is but a defect in form, and the rules regarding it are now applied by courts less rigorously than in former times.

The case of *Hotchkiss* v. *Butler*, 18 Conn., 287, was an action of ejectment for several distinct parcels of land.

There was but one count in the declaration, and the defendant demurred for duplicity. The court held the declaration sufficient. Judge STORRS, in giving the opinion of the court, page 289, says:—" A defect of this description is always deemed to be one of mere form, and there has evidently been, for a long time, a disposition in the courts to relax the rule. Indeed exceptions to it, in several actions, have been made in modern times, . . . in trespass *quare clausum fregit*, with a *diversis diebus et vicibus*, and also in general *indebitatus assumpsit*, in each of which, several distinct causes of action may be embraced in one count."

The case of *Tucker* v. *Randall*, 2 Mass., 283, was an action of assumpsit on a promissory note. The writ bore date November 15th, 1803. The declaration counted on a note of hand, dated the 10th of September next preceding, two months before the date of the writ, in which the defendant, for value received, promised the plaintiff to pay him or order ninety-five dollars, ten dollars per month for the next nine months, and five dollars for the tenth month from the above date. There was then an averment that more than two months had elapsed since the date of said note, and that the defendant, though since requested, had not paid either of said monthly payments, and that he then became liable to pay the said sum of ninety-five dollars, and in consideration thereof, promised to pay the same on demand. To this declaration there was a demurrer and joinder. The judgment was for the plaintiff to recover the two installments due on the note, the court rejecting as surplusage the allegations as to the liability to pay the full amount of the note.

This declaration seems as clearly obnoxious to the charge of duplicity as the declaration at bar. No objection on that ground however was made to it, either by Judges PARKER and SEDGWICK, or by Chief Justice PARSONS, each of whom gave opinions in favor of the plaintiff, SEWALL, J., concurring.

The claim of the defendants, that these coupons, not being large enough in amount severally to be within the jurisdiction of the Court of Common Pleas, cannot thus be united in

one count, and so give jurisdiction, is fully answered by the case of *Main* v. *First School District*, 18 Conn., 214. The second count of the declaration in that case alleged that the defendants were indebted to the plaintiff in the sum of $67.50, for the wages and salary of the plaintiff &c., and in the further sum of $67.50 for the work, labor, care, and diligence of the plaintiff before that time done, &c., and in the further sum of $67.50, for money had and received by the defendants for the use of the plaintiff. A promise and breach, in the usual form, were then alleged, concluding to the damage of the plaintiff in the sum of $100. The suit was originally brought to the County Court, and appealed to the Superior Court. That court decided that it was not appealable, and remanded it to the County Court. A writ of error from that decision was brought to this court, and it was held, that where in a single count the aggregate amount of several debts was more than seventy dollars, though neither, separately, was of that amount, the Superior Court had jurisdiction of the case, and so the decision below was pronounced erroneous. That certainly seems conclusive on this point.

One important reason for holding duplicity in pleading a fault is, that it tends to prolixity. Holding this count bad for duplicity might make it necessary to count on each of these coupons separately. That would promote, rather than prevent, the evil sought to be remedied. If each of these coupons must be counted upon separately, beside the evil of prolixity thus occasioned, the court below might be deprived of its jurisdiction, and so an evil far more serious than prolixity, a multiplicity of suits, which it is said the law abhors, would certainly become necessary.

The only remaining cause of demurrer to this count is, that no profert is made of the bonds or writings obligatory mentioned in it, and no excuse offered for that omission. It is a sufficient answer to this claim to say, that the action is not brought on these bonds, but on the coupons, a separate and independent cause of action. No profert of the bonds therefore was necessary.

The demurrer to the second count in this declaration is

well taken, as that count is fatally defective on several grounds. The first count however seems to us sufficient, and we therefore advise the court below to overrule the demurrer to that count, and render judgment for the plaintiffs.

In this opinion the other judges concurred.