LEOPOLD WOLFE *vs.* THE BEECHER MANUFACTURING
COMPANY.

It is not duplicity to allege in a single count various kinds of damage resulting from a single wrongful act.

Where a declaration alleged an injury caused by a nuisance maintained by the defendants, both to a house owned and occupied by him, and to himself personally and to his family in the use of the house, and it appeared that during the time the title to the property had been in another party and only the possession in the plaintiff, it was held that he could not recover for the injury to the freehold.

The property had been owned by the plaintiff and he had conveyed it to a third person without consideration for the purpose of evading an attachment. Held that the plaintiff had no title that the law would recognize even as an equitable one.

But an equitable title would not have been sufficient to enable him to recover in his own name for injuries to the freehold.

After the plaintiff had put in his evidence as to the nuisance and its effects, the defendants offered evidence that the plaintiff was not the owner of the freehold. To meet this the plaintiff offered evidence of his actual occupation during all the time that the title was in the third person, of his letting a part of the house, and of his paying the taxes upon the property and doing other acts of ownership. To this evidence the defendants objected, but the court admitted it. Held that the ruling of the court could not be sustained on the ground that the evidence was admissible for the purpose of showing possession on the part of the plaintiff and an injury to his possession, it having clearly been offered by him in support of his claim to recover as owner, especially as the court did not explain to the jury that they were not to give any damages for injury to the freehold.

And held that such an explanation ought, in the circumstances, to have been made by the court to the jury, although the counsel for the plaintiff had stated to the court and jury that he did not claim any damages for the injury to the freehold.

TRESPASS on the case; brought to the Superior Court in New Haven County. The declaration alleged that the plaintiff was, on the first day of January, 1873, and for a long time prior thereto had been, and still was, the owner of a parcel of land on Center street in the city of Meriden, (describing it,) with a dwelling-house thereon in which, ever since its erection, the plaintiff and his family had resided and were now residing; that after the erection of the house, in the year 1873, the defendants, a joint stock corporation,

erected on the other side of the same street, and very near the plaintiff's premises, a large manufacturing building, in which they had placed ponderous and noisy machinery, with a number of blast furnaces, which machinery the defendants had caused to be worked daily during the usual working hours, and sometimes to a late hour in the evening; that this use of the machinery and furnaces so near his dwelling was an intolerable nuisance; that the plaintiff's house was constantly jarred and shaken, by reason of which the walls had become badly cracked, the wood-work displaced and disjointed, the foundation walls weakened and damaged, and the plaintiff and his family prevented from sleeping and deprived of all quiet enjoyment during the hours that the machinery was in use, and harrassed and rendered nervous and sick thereby, that the gases from the furnaces were offensive and noxious and with the smoke and cinders were destructive of the comfort and health of the plaintiff and his family, that their clothing and furniture were soiled and injured thereby, and that it was necessary at great discomfort for him to keep the doors and windows of his house closed during the warm summer months, and that the premises of the plaintiff had been greatly diminished in marketable value by reason of the nuisance.

The defendants demurred specially to the declaration on the ground of duplicity, but the court held the declaration sufficient. They then pleaded the general issue, and the case was tried to the jury before *Martin, J.* The jury returned a verdict for the plaintiff of $550, and the defendants moved for a new trial. The points decided will be sufficiently understood from the opinion without a fuller statement of the case.

*O. H. Platt*, in support of the motion.

*R. Hicks*, contra.

PARK, C. J. In the court below the defendants filed a special demurrer to the plaintiff's declaration, wherein among other causes of demurrer it is alleged that the declaration is

insufficient for duplicity, inasmuch as it contains but one count, and in that count several distinct causes of action are set forth as grounds for the recovery of damages.

If this is so the declaration is of course insufficient, and the court below erred in not so deciding. But is it true that several causes of action are thus set forth? It is true that the declaration contains but one count, and in that count the plaintiff states the various injuries he received, produced by one and the same cause, to wit, the alleged nuisance of the defendants. If *A* by the negligent use of a quantity of powder injures *B*, destroys his house, kills his horse, and in various ways injures his property, it is clear that *B* may recover damages for all these various injuries in one count, for there is but one ground of complaint—but one cause of action. One distinct act of *A* has directly caused all the damage. We think this claim is unfounded.

The other causes of demurrer are manifestly unsubstantial and do not deserve serious consideration.

We think, therefore, that the court below did not err in holding the declaration sufficient.

We will now consider the motion for a new trial.

The plaintiff in his declaration has set forth that during all the time covered by the declaration he was the owner of a tract of land in the town of Meriden with a dwelling-house thereon standing; that he lived in the dwelling-house with his family; that the alleged nuisance of the defendants caused the walls of his house to become badly cracked, the wood-work to become loosened and disjointed, and the foundations of his house to become weakened and damaged.

It appears by the motion that on the trial the plaintiff offered evidence to prove, and claimed he had proved, under the allegations of his declaration, that early in the year 1872 he became the owner of a tract of land in the town of Meriden; that during the summer and fall of that year he erected a dwelling-house thereon; that the house and land cost the sum of $4,500; that he resided in the lower part of the house and rented the upper part of the same; and that by reason of the nuisance of the defendants the cellar walls of his house

became badly cracked, and the plastering of the house broken in many places, and the house otherwise injured.

It further appears, that the defendants offered evidence to prove that during nearly all the time covered by the plaintiff's allegations the plaintiff was not the owner of the land and dwelling-house in question, but that he had conveyed the same by deed to a third party, and did not again become the owner until the day the present suit was brought. Upon this the plaintiff claimed and offered evidence to prove, that the conveyance was made without consideration, and was done to prevent the property from being attached; and he further offered evidence to prove that he had, during all the time that the title was out of his hands, occupied the premises, living in the lower part of the house, and renting the upper part, and had paid taxes on the property, and in all respects had used and treated it as his own. The defendants objected to the admission of this evidence; but the court overruled the objection and admitted it. In this we think the court erred.

Let us see how the parties stand in regard to this question. The plaintiff in his declaration had alleged that he was the owner of the premises when the permanent injuries to the freehold were caused by the defendants. He had offered evidence to prove the fact of these injuries, and thus had laid the foundation for a recovery for them. In order to meet and refute this claim for damages, the defendants proved that the plaintiff was not the owner of the real estate when the supposed injuries to the freehold were done, but had conveyed away the fee. Thereupon the plaintiff offered the evidence objected to, which is in substance that although he was not the owner in fee of the premises when the injuries were caused, still he was the equitable owner, the owner in fact, of the property, and therefore ought to recover for these injuries. But can an equitable owner of property recover for such injuries? Can any party recover for them but the one in whom is the legal title at the time when the injuries were caused? Suppose the defendants had intentionally blown the house to atoms by the use of gunpowder, when the title to the same was in another; could the plaintiff recover for the injury on

gaining title to the land on which it stood? Manifestly not.

But how can the plaintiff claim that he was the equitable owner of the property at the time when these injuries were caused? He had conveyed the fee of the property in fraud, and he was wholly at the mercy of the party to whom he had transferred the title as to any recovery of it from him. He had no equitable claim that the law would recognize.

But it may be said that a part of the evidence offered by the plaintiff was pertinent to other parts of the plaintiff's case, and the objection being taken to the whole evidence, if any part of it was admissible for other purposes, the court was not required to discriminate, and might very properly admit the whole. This point was not suggested by the plaintiff in the argument of the case, but as it presents itself we will consider it.

That part of the evidence to which we refer is as follows: "that the plaintiff had, during all the time that the title had been out of his hands, occupied said premises." If this evidence had been offered for the purpose of proving possession of the property in order to establish a·claim for damages to the possession merely, no doubt the evidence would have been proper for the purpose. But it is easy to see from the context that it was offered for no such purpose. Injury to the possession was not in the mind of either party at the time, but injury to the freehold was the sole matter they were considering. In order to refute the plaintiff's claim for damages to the freehold, the defendants, just previously to the admission of the evidence in question, had proved that the plaintiff was not the owner of the freehold. Thereupon the. plaintiff offered the evidence in question, and manifestly sought thereby to meet this claim of the defendants by confession and avoidance. He admitted that he was not the owner in fee of the property at the time of the injury to the freehold, but said that his conveyance was without consideration, and that it was made to prevent an attachment of the property, (thereby implying that he was the owner in fact of the property, notwithstanding the conveyance;) and "that he had, during all the time that the title had been out of his hands,

Wolfe v. Beecher Manufacturing Co.

occupied said premises," (thereby implying that he occupied, not as tenant, but as owner of the property;) "that he lived in the lower part of the house and rented the upper part," (thereby implying that he did this, not as tenant, but as owner;) and "that he paid taxes on the property, and had used and treated it as his own." There can be no doubt that all this evidence was offered by the plaintiff simply to prove that he was the owner in fact of the property, and therefore had a right to recover for the injury to the freehold, as if he was the owner in fee of the property. It would seem strange that the plaintiff should intermingle evidence in relation to these separate and distinct claims of injury, first to the freehold, and then to the possession, and then again to the freehold, when these claims had nothing in common, and when he was apparently answering the evidence just introduced by the defendants. And furthermore, this evidence of the plaintiff was in rebuttal, when it was too late to offer evidence of possession of the property as a ground of recovery.

Again, it is claimed that however the court may have erred in admitting the evidence in question, it could have done the defendants no harm, because it appears by the motion that on the trial of the cause "the plaintiff disclaimed all right to recover damages for any injury to his real estate or personal property, but claimed damages only for the physical discomfort and suffering to which he had been subjected in the use and occupation of his dwelling-house; and that he made this claim and disclaimer at the commencement of the trial, and repeated it during the trial and argument of the case. If this was so whence comes this controversy respecting the evidence in question, and respecting the ownership and injury of the freehold, with which the motion is full? Time was poorly spent on the trial if such concessions as these were made at the opening of the case.

But however this may be, we think the court should have fully informed the jury on the subject in compliance with the special request of the defendants. Especially should this have been done when the jury had seen that the plaintiff had laid the foundation for damages to the freehold in his declara-

tion, and had offered evidence on the subject on the trial, and more especially when they had heard the defendants object to the evidence offered by the plaintiff to show that he was the real owner, and had heard the court rule the evidence to be admissible. It is easy to see that the silence of the court on the subject under the circumstances may have misled the jury, and probably did mislead them to the defendants' injury.

We think it is clear that justice was not done in the case, and for the foregoing reasons we advise a new trial.

In this opinion the other judges concurred; except LOOMIS, J., who was opposed to granting a new trial on the ground that, upon the whole case, no injustice was done by the admission of the evidence objected to.