EBEN A. HOLMES *vs.* LEVI K. CORTHELL.

Washington. Opinion January 4, 1888.

*Way. Pleading. Nuisance. Trespass.*

A declaration for obstructing a public way containing the essential averments is sufficient, either in a plea of trespass or trespass on the case.

One who suffers special damages from a public nuisance may recover the same from the person creating the nuisance; and from the person maintaining it after request to abate it.

When the declaration in such a case fails to show that the plaintiff has suffered any special damage for which the defendant is responsible it will be adjudged bad on demurrer.

*John H. French*, for plaintiff.

"Any person injured in his comfort, property, or the enjoyment of his estate, by a common and public, or a private nuisance, may maintain against the offender an action on the

case for his damages, unless otherwise specially provided."
R. S., c. 17, § 12.

In *Ashby* v. *White*, Lord Raymond, 938, Lord HOLT says,
"If men will multiply injuries, actions must be multiplied too;
for every man that is injured ought to have his recompense."
The case of *Brown* v. *Watson* explains the law fully. 47
Maine, 161.

The court says, " Those who have no occasion of business or
pleasure to pass over a road so obstructed, and who have not
attempted it, cannot maintain an action for the obstruction
thereof."

In the same case the learned judge, in his opinion, quotes the
decision *Greasly* v. *Codling*, 2 Bing. 263, that a person being
obstructed on his journey and obliged to proceed by a more
circuitous route, might recover for the loss of time and incon-
venience against the individual by whom the obstructions were
erected. The case of *Norcross* v. *Thoms*, 51 Maine, 503, gives a
construction to § 12, c. 17, of the Revised Statutes, even beyond
what we claim on this point.

The case of *Wesson* v. *Washburn Iron Co.* 13 Allen, 95,
though referring to a private nuisance, seems to indicate that the
same principle may apply to a public one.

*Harvey and Gardner*, for the defendant, cited: *Blood* v.
*Nashua & Lowell R. R. Corp.* 2 Gray, 140; *Willard* v.
*Cambridge*, 3 Allen, 574; *Quincy Canal* v. *Newcomb*, 7 Met.
276; *Brainard* v. *Conn. Riv. R. R.* 7 Cush. 511; *Brightman*
v. *Fairhaven*, 7 Gray, 271; *Harvard College* v. *Stearns*, 15
Gray, 1; *Hartshorn* v. *South Reading*, 3 Allen, 504; *Stetson*
v. *Faxon*, 19 Pick. 147; *Smith* v. *Boston*, 7 Cush. 254;
*Wesson* v. *Washburn Iron Co.* 13 Allen, 95; *Franklin Wharf
Co.* v. *Portland*, 67 Maine, 59; *Brayton* v. *Fall River*, 113
Mass. 218; *Norcross* v. *Thoms*, 51 Maine, 503; *Cole* v. *Sprowl*,
35 Maine, 161.

HASKELL, J. Trespass for obstructing a public way by
building a stone wall across it, whereby the plaintiff claims to
have suffered special damage.

The distinction between trespass and trespass on the case is abolished by R. S., c. 82, § 15. "A declaration in either form is good." *Hathorn* v. *Eaton*, 70 Maine, 219.

It is settled in this state that one who suffers special injury, no matter how inconsiderable, from a common nuisance, may recover damages in an action at law from the person creating it; R. S., c. 17, § 12; *Brown* v. *Watson*, 47 Maine, 161; *Dudley* v. *Kennedy*, 63 Maine, 465; and from the person maintaining it after request to abate it. *Pillsbury* v. *Moore*, 44 Maine, 154.

Three demurrers to the declaration have been filed, and two amendments of it have been allowed. To the sustaining of the last demurrer to the declaration as finally amended, the plaintiff has exception.

The declaration avers the existence of a public way and the obstruction of it by the defendant in erecting a stone wall across it, whereby on a given day and on divers other days and times, etc., the plaintiff, in attempting to travel upon such way, was "hindered, obstructed and prevented from passing" along it, and "incurred great danger and suffered great pain and inconvenience in attempting to climb and pass over said wall," and thereby was injured in his comfort, property, and the enjoyment of his estate.

The plaintiff avers that he was "hindered," etc., from passing along the way; be it so; no averment shows any specific damage from this hindrance; it does not appear that upon any special occasion he was thereby compelled to make a longer detour to reach a particular place where he had need to go, nor that he lost any time or was put to any expense thereby.

He may have incurred danger and suffered pain in trying to climb the wall, both of which may have resulted from his own careless or rash conduct, for which the defendant is not responsible.

The plaintiff avers that certain of the work people in his sardine factory "were hindered and prevented from going to and attending to their work, whereby he lost and was deprived of their services." Suppose this to be true, where is the injury to

the plaintiff? He does not aver the loss of their service to be at his cost, nor that their services, if rendered, would have been of any value to him. Upon this score the plaintiff does not appear to have suffered any damage.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.