PEOPLES NATIONAL BANK *vs.* HANOVER S. NICKERSON.

Somerset.　　Opinion May 4, 1910.

*Pleading.　Duplicity.　Declaration.*

Duplicity in a declaration consists in joining in one and the same count different grounds of action, of different natures, or of the same nature, to enforce only a single right of recovery.

A declaration is not bad for duplicity because more than one cause of action is set forth in one count, if no more than one independent and sufficient ground or matter is therein alleged in support of a single demand or right of recovery.

A declaration in a writ of entry, which combines in one count several tracts of land, is not bad for duplicity, where only one independent matter, disseisin by defendant, is alleged in support of a single demand or right of recovery.

On exceptions by defendant.　Overruled.

Real action to recover several tracts of land in Pittsfield, Somerset County.　At the return term of the writ, the defendant filed a special demurrer to the declaration.　The presiding Justice pro forma overruled the demurrer and the defendant excepted.

The declaration in the plaintiff's writ is as follows:

"In a plea of land wherein the plaintiff demands of the defendant a lot of land situated in said Pittsfield and bounded and described as follows, to wit:　(Description omitted in this report.)

"Also another lot situated in said Pittsfield and bounded and described as follows, to wit:　(Description omitted in this report.)

"Also another lot situated in said Pittsfield and bounded as follows, to wit:　(Description omitted in this report.)

"Also another lot of land situate in said Pittsfield and bounded and described as follows, to wit:　(Description omitted in this report.)

"Whereof the demandant was seized in fee simple within twenty years last past and whereof the defendant within said time unjustly and without judgment of law disseized the demandant and still

unjustly withholds said premises from it and the demandant further avers that the defendant has been in possession of said premises since the 11th day of May, 1908, receiving the rents and profits thereof during all that time which the demandant avers are reasonably worth fifteen dollars ($15.00) per month which it claims to recover in this action."

The case is stated in the opinion.

*Charles F. Johnson,* for plaintiff.

*David D. Stewart,* for defendant.

SITTING:   EMERY, C. J., WHITEHOUSE, PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

KING, J.   The sole question presented in this case is whether a declaration in a writ of entry containing in one count several distinct tracts of land is bad for duplicity.

"Duplicity in a declaration consists in joining in one and the same count, different grounds of action, of different natures, or of the same nature, to enforce only a single right of recovery."   Gould on Pleading (5 Ed.), page 205, sec. 99.

In Chitty on Pleading (16 Ed.), Vol. 1, star page 249, it is said: "The plaintiff cannot, by the common law rule, in order to sustain a single demand, rely upon two or more distinct grounds or matters, each of which, independently of the other, amounts to a good cause of action in respect to such demand."

Mr. Stephen in his work on Pleading says, page 242: "that the declaration must not, in support of a single demand, allege several matters, by any one of which that demand is sufficiently supported."

The distinction between the combining in one count of several distinct causes of action and duplicity must be kept clearly in mind. That distinction was aptly stated in *Higson* v. *Thompson,* 8 U. C. B. 561, 562, where the court said:   "Duplicity in a count consists in supporting the same claim on several distinct grounds, not in laying several injuries in one count."

A declaration, therefore, is not bad for duplicity because more than one cause of action is set forth in one count, provided not

more than one independent and sufficient ground or matter is therein alleged in support of a single demand or right of recovery.

In *Platt* v. *Jones*, 59 Maine, page 242, it is said: "It is not quite accurate to say that two causes of action in one count render it double. Several items of account may be very properly embraced in one count, and yet each one of those items might be a good cause of action. So in the case of several trespasses upon the same lot of land."

It will be seen upon examination of the declaration before us that it does not violate the rule against duplicity. The pleader has set forth as his demand, or right of recovery, the right to the possession of four distinct tracts of land; the ground or matter alleged in support of his demand, or right of recovery, is that the defendant has disseized him of those tracts. If the declaration is to be construed as setting forth in one count a separate demand for each of those tracts, rather than a demand for them all combined, there is no duplicity, because there is no allegation of more than one ground relied upon in support of each single demand. · In other words, if there is but one demand, or right of recovery, set forth,—that is, the demand of the combined tracts,— then there is but one ground relied upon in support of that demand,— the defendant's disseizin; on the other hand if there is set forth a distinct demand, or right of recovery, for each tract, still there is but one ground relied upon in support of any of those distinct demands,— the defendant's disseizin. In neither case would the declaration be bad for duplicity.

In addition to the uniform authorities in support of the meaning and application of the doctrine of duplicity as defined by the learned authors above quoted, the following cases are directly in point as to the particular question now before us. *Hotchkiss* v. *Butler*, 18 Conn. 287; *Den* v. *Snowhill*, 13 N. J. L. 23. In the latter case the declaration, like the one at bar, contained but one count for several tracts of land. In answer to the position there taken that the declaration was bad for double pleading the court said: "No decision or authority was cited to show the legal soundness of this position, nor can I yield to the reasoning, however ingenious, of the defendant's counsel. On the contrary, all argument, all con-

venience, all analogy, and some decisions, appear to me to hold the converse of this doctrine, and to show that in one action, the plaintiff may recover several distinct tracts, and claimed under different titles, if from all he has been unlawfully ejected by the same defendant. . . . Three several slanderous charges, entirely unlike, circulated in as many different weeks may be redressed in one suit. So may three several batteries perpetrated as many months asunder. Under a single count for money had and received, the plaintiff may prove the receipt of money to his use by the defendant from divers persons, at divers times, and on occasions wholly disconnected. A bond, a note, a book account, a demand for rent or work done, may be included in one declaration. Is there any less incongruity in these combinations than for a plaintiff to seek by one action to be restored to three several tracts of land lying in the same township, from which he complains that the defendant has on the same day dispossessed him?"

It is the opinion of the court that the declaration in the case at bar is not open to the charge of duplicity.

*Exceptions overruled.*