UNITED STATES v. ONE BLUE TAFFETA EVENING COAT et al.

(District Court, S. D. New York. April 17, 1917.)

1. CUSTOMS DUTIES ⚖️133—VIOLATION OF CUSTOMS LAWS—ACTION FOR FORFEITURE.

A libel of forfeiture, filed under Customs Administration Act June 10, 1890, c. 407, 26 Stat. 131, which alleges that the articles sought to be forfeited were brought into the United States as a part of the baggage of a passenger, *held* not to entitle the claimant to oyer of the baggage declaration.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 316–331.]

2. CUSTOMS DUTIES ⚖️130—VIOLATION OF CUSTOMS LAWS—BAGGAGE OF PASSENGERS—FRAUDULENT UNDERVALUATION.

The provisions of Tariff Act Oct. 3, 1913, c. 16, § III, H, 38 Stat. 183 (Comp. St. 1916, § 5526), for forfeiture of goods for entry by means of false invoice, declaration, or any fraudulent practice whatever, apply to the baggage of passengers, and articles therein are subject to forfeiture for fraudulent undervaluation in the declaration or otherwise.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 296–315.]

Libel of forfeiture by the United States against One Blue Taffeta Evening Coat, etc.; Charlotte A. Warren, Evelyn Byrd Burden, and Gwendolyn Dows, claimants. On exceptions to libel. Overruled.

See, also, 237 Fed. 703.

This cause comes up on exceptions to a libel of forfeiture against certain wearing apparel brought by the claimant, Charlotte A. Warren, from France to this country on the 10th day of November, 1915, on the steamship Espagne. Such wearing apparel is divided in the libel into six groups, (a), (b), (c), (d), (e), and (f), of which groups (b), (e), and (f) are the property of the claimants Burden and Dows, and the groups (a), (c), and (d) are the property of the claimant Warren.

This first cause of forfeiture asserts that groups (c), (d), (e), and (f) were found as part of the baggage of the said Charlotte A. Warren upon her arrival as a passenger, and were not at the time of making entry of such baggage mentioned to the collector.

The second cause of forfeiture alleges that Charlotte A. Warren arrived as a passenger and had in her baggage certain articles mentioned in groups (a), (c), and (d), and that these she attempted to enter by means of a certain fraudulent baggage declaration and entry, in which she declared that all the

articles in her baggage were set forth in such baggage declaration, together with the actual market value of the same, and that all of such articles were intended for her personal use, while in fact the baggage declaration was fraudulent, because it did not contain a statement of all her personal effects, with their cost price or market value, or make reference to all such articles.

The third cause of forfeiture alleges that the said Charlotte A. Warren, having in her baggage the articles mentioned in groups (b), (e), and (f), attempted to enter them by means of a fraudulent baggage declaration, setting forth all the articles contained in her baggage and the cost price and market value of the same; that all the articles were intended for her personal use, when in fact the articles were not intended for her personal use; that the declaration was fraudulent, because it did not contain a statement of all the articles, and of the cost price and market value of the same.

The fourth cause of forfeiture alleges that among the personal effects brought in by the said Charlotte A. Warren and contained in a trunk was one evening gown and one evening custume, said trunk containing other personal effects set forth; that, furthermore, among the personal effects was another trunk, containing one flame-colored evening costume and other clothes therein set forth. It alleges that said Charlotte A. Warren attempted to enter these two trunks of personal effects by falsely stating orally to certain examiners of merchandise and to certain surveyors and inspectors of customs that the flame-colored evening gown and the black costume and the flame-colored evening costume had already been imported into the United States, and the duty had been paid upon them, when the fact was untrue, and known to her to be untrue.

The fifth cause of forfeiture asserts that the said Charlotte A. Warren, having in her baggage the articles mentioned in all the groups, attempted to introduce them into the commerce of the United States by fraudulent baggage declarations, asserting the foreign cost and market value of the articles at $1,500, when the same was known to her to be largely in excess of that sum.

W. L. Wemple, of New York City, for claimant Warren.

Alfred A. Wheat, of New York City, for claimants Dow and Burden.

Frank E. Carstarphen and John E. Walker, both of New York City, for United States.

LEARNED HAND, District Judge (after stating the facts as above). This is the same libel of forfeiture which I considered before, and which has since been amended. As to the first cause of forfeiture, the claimant craves oyer of the baggage declaration, insisting that, if produced, it will appear that the imported articles were mentioned. As to the second and fourth causes of forfeiture, the claimant Warren insists that the articles in question were part of her personal baggage, brought with her into the country on her arrival. As such she says that they do not fall within the Customs Administrative Act, and that the allegations of fraud are irrelevant. As to the third cause of forfeiture, the claimants Burden and Dows do not press their exceptions, and the same are overruled. As to the fifth cause of forfeiture, the claimant Warren excepts, so far as concerns groups (a), (c), and (d), upon the same ground as in the second and fourth causes of forfeiture, but the claimants Burden and Dows do not press their exception to the other groups, which is clearly bad.

Two substantial questions, therefore, arise: First, whether the case is one in which the claimant can crave oyer of the baggage declaration; second, whether goods brought in by a returning passenger and as his baggage under the Customs Administrative Act are subject to

forfeiture for a fraudulent undervaluation in a baggage declaration or for oral fraud touching their liability to customs duties.

[1] Profert at common law is never necessary unless the instrument is under seal, and even then not unless it is the foundation of the plaintiff's action. Here the baggage declaration is not the foundation of the case in the sense intended. The pleading only says that the claimant Warren did not mention the articles to the collector and that will be enough to prove. The fact is irrelevant that I may know that a baggage declaration existed and that the plaintiff will have to put it in evidence when it comes to its case. It would be quite enough under the libel to prove that the claimant had made no baggage declaration whatever and no mention of the articles to the collector. The exception is overruled.

[2] The second cause of forfeiture alleges that the claimant tried to enter her personal baggage by the use of a baggage declaration, among other things fraudulently understating the cost value of the goods. The exception is based upon the theory that paragraph H of section III of the Customs Administrative Act does not touch passengers' baggage, and, as a necessary corollary of that position, that no amount of fraud will forfeit the goods or constitute a crime so long as they are mentioned within the meaning of section 2802.

At the outset, I may say that no case decides anything of the sort, certainly not those relied upon. In United States v. One Pearl Necklace, 111 Fed. 164, 49 C. C. A. 287, 56 L. R. A. 130, the goods were forfeit because the claimant had failed to mention them to the collector at the time of entry. The language used about two systems of entry, one for baggage and one for merchandise, applied to certain sections of the Revised Statutes mentioned by the court, and was wholly in place in that connection. There is not the least reason to suppose that the court had in mind the question whether paragraph H of section III (then section 9) was or was not applicable to a passenger's baggage. In One Pearl Chain v. United States, 123 Fed. 371, 59 C. C. A. 499, the claimant succeeded, because the claimant "mentioned" her jewelry by the use of the words "wearing apparel" in the declaration. No question arose of any fraudulent device to secure an undervaluation of the goods upon their appraisal. The language on page 374 is absolutely and literally true, but it does not mean what the claimant supposes. There are, indeed, two different classes of goods arriving, baggage and merchandise, and the formalities required of the importer of each class are different. It by no means follows that, when the United States undertakes on its own account to value the goods, the importer should go scatheless, no matter by what practice he may impede the discharge of that duty. United States v. One Trunk (D. C.) 175 Fed. 1012, was a case of merchandise for sale, and has no bearing on this controversy.

I come, therefore, to the statute without any controlling decision. Until 1897 passengers' baggage was not subject to any duty at all. It was therefore necessary only to declare what one had under Revised Statutes, § 2799 (Comp. St. 1916, § 5496), and if one did "mention" everything, the United States had all the means for protection of its revenue. In that year, however, passengers' baggage became taxable,

like any other merchandise, according to its proper schedule, except that the passenger was entitled to a general deduction of $100 from the sum of the appraised valuation. This provision now appears substantially unchanged in paragraph 642 of section 1 of the Tariff of 1913 (Comp. St. 1916, § 5291). While the passenger, outside of any valid treasury regulations not here in question, was not required to make any statement of value, an appraisal at some stage of the series of acts constituting an "entry" became an inevitable necessity. Section III of the Tariff Act of 1913 deals in general with the administrative measures touching all imports subject to duty, and since the baggage of an incoming passenger since 1897 had become subject to duty, above the exemption in question, in it we should expect to find some provisions under which the baggage may be appraised. In the case of most merchandise the basis of the appraisal is the invoice produced by the importer and by reference made a part of his declaration. Paragraph F. However, under paragraph E, invoices are required neither for "personal effects accompanying the passenger" nor for any other merchandise over $100 in value. (The exception of "personal effects" is incidentally to be noted as bearing upon the contention that the statute in general does not touch baggage.) The statutory provisions authorizing the appraisal of goods under $100 and of all "personal effects" are to be found in paragraph K and those immediately following, which direct the appraiser and collectors to ascertain by every reasonable means "the actual market value and wholesale price of the merchandise." Perhaps paragraph I also covers "personal effects," but I do not find it necessary to say so. Nothing in sections 2799–2802 (Comp. St. 1916, §§ 5496–5499) of the Revised Statutes contradicts this conclusion. Those sections continue to have the same use as before, since under them the personal effects can be ascertained and thereafter can be appraised. They remain the only statutory requirement for the entry of baggage, aside from such treasury regulations as would be justified under the power to make the appraisal at all.

The customs officers having this duty touching all goods, not only those which are covered by invoice, but those which are not, paragraph H of section III prohibits in the broadest possible way any fraudulent device by which they shall be prevented from reaching a true appraisal. These are the words:

"Invoice, declaration, affidavit, letter paper, * * * any false statement written or verbal, * * * any false or fraudulent practice or appliance * * * any willful act or omission."

It is of no consequence, therefore, whether the valuation in the claimant's baggage declaration was required by any provision of law. Certainly it was a "paper" and a "false written statement," and a "fraudulent practice." It is true that section 2799 did not require the statement of value, but she added such a statement, and since it was by hypothesis a fraud, it falls within paragraph H, being proper to obstruct the appraiser in his duties. Nor is it of any consequence whether the word "declaration," in paragraph H, covers a baggage declara-

tion. The argument that it must refer to paragraph F is irrelevant, though the specific reference in paragraph H to the declaration of paragraph F perhaps meets it in fact. A talk with the appraiser, a receipted bill, a letter, anything to delude him and secure the miscarriage of his appraisal, would be within the broad terms of this paragraph.

If this be not the proper understanding of the statute, there is no excess of knavery which would forfeit passengers' baggage, so long as they were "mentioned" before they were seized. Such cannot have been the purpose of Congress; such was not the purpose in paragraphs AA and BB. There is no conceivable reason why a passenger should be allowed to practice deliberate frauds of a kind which would impose upon other importers forfeiture and imprisonment. Were it necessary to force any language, the position might be more plausibly urged; but it is the claimant who must twist the language to reach so egregious a result.

Finally the application of any such interpretation results in so fantastic an injustice in the case at bar that the mere statement of it should serve with any fair person for its answer. By hypothesis the claimant, Warren, tried to enter all these clothes, both her own and her friends', by means of a single fraudulent undervaluation. Those of the friends must certainly suffer forfeiture; they stand in vicarious condemnation though their owners are innocent. But the author of the fraud, which thus irretrievably implicates others in its consequences, has the hardihood to insist that her own goods shall go free, even though the hypothesis prove true upon the trial. The iniquity of such a result would pass tolerance. The exception is overruled.

The third cause of forfeiture needs no consideration; the exception is overruled.

The fourth and fifth causes of forfeiture raise no other points than the second, and the foregoing discussion will serve as to them. They illustrate a little more clearly, however, the position that any kind of fraud will serve which impedes the appraiser in his duties towards the goods under paragraph K. The exceptions are overruled.

The claimants will answer in 20 days.