THE BAVARIAN BREWING COMPANY, a corporation of the State of Delaware, vs. JOHN RETKOWSKI.

1. PLEADING—DEMURRER TO DECLARATION ON NOTE CANNOT SET UP COLLATERAL AGREEMENT.
    Where the declaration on a promissory note was sufficient in form and substance, defendant cannot by demurrer set up a collateral agreement, the conditions of which plaintiff had not performed, since the only deviation from the rule that a demurrer is never founded on matter collateral to the pleading attacked is when declaration has only partially stated a deed.

2. PLEADING—DEFENDANT CANNOT INTERPOSE PLEA OF OYER AND DE-MURRER TO GOOD DECLARATION ON NOTE.
    Defendant cannot interpose a plea of oyer and demurrer to a declaration on a promissory note, for the purpose of setting up a collateral agreement under seal, the conditions of which plaintiff had not performed.

(*March* 17, 1920.)

BOYCE and CONRAD, J. J., sitting.

*Richard S. Rodney*, of *Saulsbury, Morris, and Rodney,* for plaintiff.

*William F. Kurtz* for defendant.

Superior Court for New Castle County, March Term, 1920.

SUMMONS CASE, No. 128, May Term, 1919.

Action by the Bavarian Brewing Company against John Retkowski. On motion to strike off demurrer to declaration. Motion allowed.

See *ante*, 109 *Atl.* 55.

This action was one of several brought severally against the indorsers of a promissory note by the original payee. The declaration was in the usual form on a protested promissory note, a copy of the note being attached to the declaration.

A demurrer has been filed with the allegation therein that the promissory note sued upon is a renewal of an original promissory note and sets up a collateral agreement alleged to have been executed at the same time with the original note. The demurrer is general and special. A motion has been made by the plaintiff to strike out the demurrer. The sole question before the court is whether a demurrer can set up new matter, it being contended that it can only raise questions of law as to the sufficiency of the previous pleading.

BOYCE, J.:—[1] The plaintiff has declared upon a promissory note against several indorsers individually, in the usual manner. The defendant has demurred to the declaration generally and specially, basing his grounds of demurrer upon a collateral agreement, shown to the court in the demurrer, entered into between the makers of the note, the indorsers and the plaintiff simultaneously with the delivery of the original note, the renewal of which is sued upon.

The statement of the cause of action in the declaration is on its face neither defective in form nor insufficient in substance to support the action. The special cause of demurrer relied upon is:

"That the said promissory note and collateral agreement are one undivided contract or agreement, the said collateral agreement defining the rights, duties and liabilities of the respective contracting parties, and that standing together, the collateral agreement stipulates the covenants to be performed by the respective parties thereto, the performance of the covenants therein imposed on the plaintiff in this action being conditions precedent to the right of action of the plaintiff on the promissory note sued upon, which conditions precedent must be alleged by the plaintiff in its declaration."

Opinion.

The cause of demurrer thus shown neither goes to the substance nor to the form of the statement of the cause of action in the declaration.    It is an established rule of pleading that a demurrer is never founded on matter collateral to the pleading which it opposes, but arises on the face of the statement itself.    *Steph. on Plead.* 63; 6 *Ency. Plead. and Pract.* 297, 298; *Taylor v. Hand,* 7 *How.* 582, 12 *L. Ed.* 824.

The only deviation from this rule is when the declaration has only partially stated a deed.    1 *Woolley, Del. Prac.* § 451.

Notwithstanding the reliance upon *Easton v. Jones,* 1 *Harr.* 433, 436, the defendant has misconceived the next regular step to the production of an issue.

The motion to strike off the demurrer is, therefore, allowed.

At the same term, on March 24, 1920, counsel for defendant filed what purported to be a "plea of oyer and demurrer," and asked for rule as to plea of oyer and joinder in demurrer.    Whereupon counsel for plaintiff moved to strike the paper from the files, contending that oyer can only be granted where profert is necessary and that profert is only necessary of an instrument under seal which is the foundation of the action.    *U. S. v. Coat (D. C.)* 241 *Fed.* 928; *Mayor, etc., v. Patomac Ins. Co.,* 2 *Baxt. (Tenn.)* 296; *New London City Bank v. Ware River R. R. Co.,* 41 *Conn.* 549.

It was contended for defendant that the plaintiff has a condition precedent to perform before there is any liability on the note sued upon, and that, that condition is contained in a contemporaneous writing delivered at the time the note was delivered, and that the defendant is entitled to have the contemporaneous agreement between the parties, under seal, put on the record through profert and oyer, and that having craved oyer of the collateral agreement in the pleading before the court, and therein read the said agreement to the plaintiff, the defendant is entitled to demurrer to the declaration.

BOYCE, J.:—[2]   For reasons stated on the motion made at this term to strike off the demurrer filed in this case, the motion to strike off the paper now before the court is allowed.