PERCY GRAHAM *vs.* GEORGE M. LOWDEN.

Lincoln.    Opinion, August 28, 1940.

*Perkins & Perkins*, for plaintiff.
*Tupper and Harris*,
*Roy A. Hanson*, for defendant.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

STURGIS, J.   Action on the case for nuisance. At the return term, a special demurrer to the declaration for duplicity was filed and overruled. The demurrant brings the case to the Law Court on exceptions.

The gist of the declaration is that the plaintiff, Percy Graham, is the owner of a lot of land in the Town of Boothbay with the buildings thereon with an adjoining right of way extending from the road leading from East Boothbay to Ocean Point to the waters of Linekin Bay, and that the defendant, George M. Lowden, to injure and vex the plaintiff and exclude him from the use and enjoyment of his property, has erected a building on both the plaintiff's land and his right of way. The declaration consists of one count.

The claim of the defendant is that there is duplicity in the declaration because two distinct causes of action and two demands for damages are joined in the same count. This is not necessarily so. There is a distinction between combining in one count several causes of action and duplicity. Laying several injuries or kinds of damage resulting from a single wrongful act in one count is not duplicity. A declaration is not double because more than one cause of action is set forth in one count provided not more than one independent and sufficient ground is therein alleged in support of a single demand. *National Bank* v. *Nickerson*, 106 Me., 502, 76 A., 937; *Platt* v. *Jones*, 59 Me., 232, 242; see *Wolfe* v. *Beecher Manfacturing Co.*, 47 Conn., 231; *Atlantic Coast Line R. Co.* v. *Inabinette*, 32 Ga. App., 246, 250, 122 S. E., 902; 49 Corpus Juris 161; 7 Encyc. Pl. & Pr. 238. Here, the pleader has set forth a single demand for recovery of damages for the creation and maintenance of a nuisance which he alleges has caused injury both to his fee and the right of way that goes with it. To support the demand, both the injuries

must be proven. Either one might support a different and less demand but not that which is claimed.

Nor is the contention sound that there is duplicity in the declaration because the damage to the plaintiff's land can only be recovered in *trespass quare clausem fregit*, and his action for damages to his right of way is case and statutory. If there was this distinction between remedies to be invoked in separate actions for the injuries alleged, it would not make this declaration double. Where a single transaction such as the erection and maintenance of a building is relied upon as the basis of recovery, there is no duplicity even though the facts show liabilities for which separate causes of action could not be joined. *Atlantic Coast Line R. Co.* v. *Inabinette*, supra.

However, a continuing encroachment by an adjoiner upon the land of another by erecting and maintaining a building thereon without right is, at common law, not only a trespass but also a private nuisance. *Milton* v. *Puffer*, 207 Mass., 416, 93 N. E., 634; 1 Am. Jur. 514; 29 A. L. R., 839 Note. And the obstruction of a right of way which is a mere easement is also a common-law nuisance. *Sutherland* v. *Jackson*, 32 Me., 80. It is the obstruction of a *private way* established under R. S., Chap. 27, Secs. 16-18, which is a statutory nuisance. R. S., Chap. 26, Sec. 5, as amended by P. L. 1933, Chap. 106.

Nor is there merit in the argument advanced on the brief that the declaration can be traversed only by several and distinct answers. A single plea is sufficient.

While not clearly open on this demurrer, counsel on the brief for the defendant argues that special damage should have been alleged. This is unnecessary when the nuisance complained of is private. It is where the nuisance is a public one that special damage must be alleged and proved, as in *Holmes* v. *Corthell*, 80 Me., 31, 33, 12 A., 730, cited.

The special demurrer filed in the Trial Court was properly overruled.

*Exceptions overruled.*

Barnes, C. J., having retired, did not join in this opinion.