UNITED STATES v. ONE PURPLE CLOTH COSTUME, etc.

(District Court, S. D. New York. December 6, 1907.)

CUSTOMS DUTIES—FORFEITURE—WAIVER—ESTOPPEL—ENTRY AFTER ACCRUAL OF FORFEITURE.

    Dutiable articles in the baggage of a person arriving in the United States from abroad became forfeitable under section 2802, Rev. St. [U. S. Comp. St. 1901, p. 1873], because not mentioned to the Collector of Customs at the time of entry; but before they were seized their owner was permitted to make a lawful entry and pay the proper duty. *Held*, that such occurrences subsequent to the accrual of the right of forfeiture could not waive such right, nor estop the United States from asserting it.

On Information for Forfeiture of Imported Goods. Motion to set aside verdict and for new trial.

On June 30, 1907, the claimant in this case, a dressmaker, entered the United States after a trip abroad. Before leaving the steamer she made the usual baggage declaration and entry, omitting, however, any mention of certain model gowns of foreign origin which she had in her possession, and which were valued at more than $100; and, in addition, she denied the possession of such goods, both orally and in the declaration. After they had been discovered in her baggage, they were found to have domestic labels, and she alleged that they were domestic goods which she had herself taken abroad. Subsequently she admitted that they had been bought in Paris, and that she had caused the false labels to be attached. The goods were sent to the public stores for examination and appraisal, and the claimant was permitted to make a lawful entry and to pay the proper duty. They were afterwards seized, and an information for forfeiture was filed. Soon after they were released under bond, pursuant to section 938, Rev. St. [U. S. Comp. St. 1901, p. 690], the pertinent portion of which is as follows:

"Sec. 938. Upon the prayer of any claimant to the court, that any * * * merchandise, seized and prosecuted under any law respecting the revenue from imports * * * should be delivered to him, the court shall appoint three proper persons to appraise such property. * * * If on the return of the appraisement, the claimant shall execute a bond to the United States for the payment of a sum equal to the sum at which the property prayed to be delivered is appraised, and produce a certificate * * * that the duties * * * have been paid, * * * the court shall, by rule, order such * * * merchandise to be delivered to such claimant."

The seizure and information were based on Customs Administrative Act June 10, 1890, c. 407, § 9, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895], and section 2802, Rev. St. [U. S. Comp. St. 1901, p. 1873]. The pertinent portions of these laws read as follows:

"Sec. 9. That if any * * * person shall make or attempt to make any entry of imported merchandise * * * by means of any false statement, written or verbal, or by means of any false or fraudulent practice or omission whatsoever, such merchandise shall be forfeited."

"Sec. 2802. Whenever any article subject to duty is found in the baggage of any person arriving within the United States, which was not, at the time of making entry of such baggage, mentioned to the collector before whom such entry was made, by the person making entry, such article shall be forfeited."

On trial of the case before a judge and jury October 4, 1907, the court directed a verdict in favor of the government, whereupon counsel for the claimant moved for a new trial. The grounds for this motion were (1) that the declaration made on shipboard was an irregular and improper means of entering merchandise, and was superseded by the formal entry made later, and (2) that the government, by permitting the claimant to make such entry and to pay the duties, waived every right to a subsequent seizure. The following decisions, which were rendered by the Circuit Court of Appeals, Second Circuit, were cited in support of the first point: United States v. One Pearl Necklace, 111 Fed. 164, 49 C. C. A. 287, 56 L. R. A. 130, and One Pearl Chain v. United States, 123 Fed. 371, 374, 59 C. C. A. 499. The government argued that the claimant's contentions were opposed to the provisions of section 938, quoted above, and cited United States v. Six Packages, 6 Wheat. 520, 5 L. Ed. 321; United States v. One Pearl Necklace, 111 Fed. 164, 169, 49 C. C. A. 287, 56 L. R. A. 130; Wood v. United States, 16 Pet. 342, 10 L. Ed. 987; United States v. Boyd (C. C.) 24 Fed. 690; United States v. Gray (D. C.) 107 Fed. 104; United States v. Cargo of Sugar, 3 Sawy. 46, 25 Fed. Cas. 288; United States v. Segars, 3 Phil. 517, 522, 27 Fed. Cas. 1015; and Hoyt v. United States, 10 How. 137, 13 L. Ed. 348, 576. The matter was submitted on briefs without oral argument.

Charles A. Hess (Jerome S. Hess, of counsel), for the claimant.
Henry L. Stimson, U. S. Atty. (Winfred T. Denison, Asst. U. S. Atty., of counsel), for the United States.

HOUGH, District Judge.   I cannot agree, as argued by claimant's attorney, that the sections of the Revised Statutes regarding the entry of passengers' baggage have no application owing to the fact that another entry was subsequently made; nor do the cases cited from our Circuit Court of Appeals bear out such doctrine.

In this case there was a confessedly fraudulent entry, or endeavor to make entry, of the seized goods.   Suspicion prevented the success of this scheme, and sent the goods to public stores.

The only question that could be here raised is whether occurrences subsequent to the happening of the events which gave rise to a right of forfeiture can waive that right or estop the United States from asserting it.   This query is set at rest by the citations of the district attorney's brief, especially United States v. Six Packages, 6 Wheat. 520, 5 L. Ed. 321.

Motion for a new trial denied.