UNITED STATES v. ONE TRUNK (GANNON, Claimant).

(District Court, S. D. New York. November 18, 1909.)

1. CUSTOMS DUTIES (§ 130*)—FORFEITURE—FRAUDULENT INVOICE—"ATTEMPT TO ENTER"—LOCUS PŒNITENTIÆ.

Where an importer took out a fraudulent invoice, but concluded not to use it in making entry of the goods covered by the invoice, but used instead a corrected invoice, the goods were not forfeitable on the ground of a fraudulent "attempt to enter" imported merchandise, under Customs Ad-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ministrative Act June 10, 1890, c. 407, § 9, 26 Stat. 135 (U. S. Comp. St. 1901, p. 1895).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 310; Dec. Dig. § 130.*]

**2.** CUSTOMS DUTIES (§ 67*)—"BAGGAGE"—MERCHANDISE FOR SALE.

Merchandise for sale is not "baggage." within the meaning of section 2799, Rev. St. (U. S. Comp. St. 1901, p. 1872), relating to the "personal baggage * * * of persons who arrive in the United States."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 67.*

For other definitions, see Words and Phrases, vol. 1, pp. 663–670; vol. 8, p. 7586.]

**3.** CUSTOMS DUTIES (§ 67*)—FORFEITURE.

Where merchandise for sale is imported in a trunk, separate from the remainder of a passenger's effects, no effort being made to conceal it among the passenger's personal effects or to have it treated as personal baggage, the passenger is under no obligation to declare it as baggage under section 2799, Rev. St. (U. S. Comp. St. 1901, p. 1872).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 67.*]

**4.** CUSTOMS DUTIES (§ 67*)—DECLARATION—PERSONAL EFFECTS.

The provision in Customs Administrative Act June 10, 1890, c. 407, § 4, 26 Stat. 131 (U. S. Comp. St. 1901, p. 1888), that "except in case of personal effects, no importation of any merchandise" shall be entered without invoice, is equivalent to an exception of articles not personal effects from the provision relative to the declaration of "baggage" in section 2799, Rev. St. (U. S. Comp. St. 1901, p. 1872).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 67.*]

**5.** CUSTOMS DUTIES (§ 130*)—FORFEITURE—GRATUITOUS FALSE STATEMENT.

Inasmuch as articles for sale which accompany a person arriving in the United States are not required to be declared at the same time as the passenger's personal baggage, an intentional misstatement of the value of such articles does not make the articles forfeitable, because the importer was under no obligation to enter them or declare their value at that time, under section 2799, Rev. St. (U. S. Comp. St. 1901, p. 1872), relating to "baggage."

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 303, 306; Dec. Dig. § 130.*]

**6.** CUSTOMS DUTIES (§ 67*)—ENTRY—BAGGAGE—IMPORTED MERCHANDISE.

Congress having prescribed two independent systems of formalities for the importation of personal effects and of merchandise not personal effects, each complete in itself, under section 2799, Rev. St. (U. S. Comp. St. 1901, p. 1872), and Customs Administrative Act June 10, 1890, c. 407, § 4, 26 Stat. 131 (U. S. Comp. St. 1901, p. 1888), respectively, it could not have been intended that both should be applicable to merchandise imported by a passenger arriving in the United States, but not attempted to be concealed by dressing it up as baggage.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 67.*]

**7.** CUSTOMS DUTIES (§ 67*)—ENTRY—STATEMENT OF VALUE—VALIDITY OF TREASURY REGULATIONS.

Articles 610, 611, Treasury Regulations of 1908, requiring passengers to state the value of their baggage, are valid, because Tariff Act July 24, 1897. c. 11, § 2, Free List, par. 697, 30 Stat. 202 (U. S. Comp. St. 1901, p. 1689), puts a pecuniary limitation upon the exemption to which the passenger is entitled.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 67.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Rem. On proceedings for forfeiture of imported goods.

The ground of forfeiture is the provision in section 9, Customs Administrative Act of 1890, for the imposition of that penalty where any person shall "attempt to make any entry of imported merchandise by means of any fraudulent or false invoice, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance whatsoever." The statutes referred to in the opinion herein read as follows, so far as pertinent:

"Sec. 2799. In order to ascertain what articles ought to be exempted as the wearing apparel, and other personal baggage, and the tools or implements of a mechanical trade only, of persons who arrive in the United States, due entry thereof, as of other merchandise, but separate and distinct from that of any other merchandise, imported from a foreign port, shall be made with the collector of the district in which the articles are intended to be landed by the owner thereof, or his agent, expressing the persons by whom or for whom such entry is made, and particularizing the several packages, and their contents, with their marks and numbers; and the person who shall make the entry shall take and subscribe an oath before the collector, declaring that the entry subscribed by him and to which the oath is annexed contains, to the best of his knowledge and belief, a just and true account of the contents of the several packages mentioned in the entry, specifying the name of the vessel, of her master, and of the port from which she had arrived; and that such packages contained no merchandise whatever other than wearing apparel, personal baggage, or, as the case may be, tools of trade, specifying it; that they are all the property of a person named who has arrived, or is shortly expected to arrive in the United States, and are not directly or indirectly imported for any other, or intended for sale."

"Sec. 4. That, except in case of personal effects accompanying the passenger, no importation of any merchandise exceeding one hundred dollars in dutiable value shall be admitted to entry without the production of a duly certified invoice. * * *"

This case arises upon a libel of forfeiture against one trunk containing costumes imported into the United States by the claimant on March 10, 1908. The claimant entered the country upon the steamship Staatendam, arriving at the port of New York, March 10, 1908, and accompanying her upon the steamer, besides her other personal baggage, was one trunk containing costumes intended for sale in the United States. Before disembarking the claimant signed, upon one of the blanks prepared by the Treasury Department, the customary baggage declaration and entry, under articles 610 and 611 of the Treasury Regulations. Upon this declaration she entered three trunks and one bag or valise, and under the head "Entry of Articles Obtained Abroad," under the head of "Description of Articles," she wrote, "1 dress," "gloves," "Consul Invoice;" under the head of "Foreign Cost and Value," she wrote for the dress, "400 fcs." and for the gloves, "25 fcs." The entry "Consul Invoice" occupied both the heading entitled "Description of Articles" and the heading entitled "Foreign Cost or Value." This declaration she signed and declared before the boarding officer. Upon the wharf the claimant had an interview with the acting deputy collector and entry clerk. She approached the desk of the deputy collector in company with the inspector who had been assigned to her baggage. He asked her whether the wearing apparel mentioned upon the declaration was for her personal use, and she said, "Yes." The inspector then called his attention to the fact that there was one trunk said to contain costumes, and he asked the claimant if she had such merchandise, and she said, "Yes;" and on asking her if she had a consular invoice covering the merchandise she said she had. She thereupon handed the deputy collector the consular invoice, and upon being asked whether it covered all the merchandise in the trunk she answered, "Yes." Thereupon, in her presence, the deputy collector wrote upon the baggage declaration the following words: "Send one trunk containing mdse., value 6,940.90 fcs., to P. S." He did not ask her whether the footing of the consular invoice was correct or not. Thereupon he returned both the declaration and the invoice to the claimant, and the trunk was ordered to the public stores. The consular invoice was

regular in form, but understated the price of the costumes in the trunk nearly one-half. Before anything further had been done towards the entry of the trunk, which was detained at the public stores, the attorneys for the claimant wrote to the Treasury Solicitor that the invoice which had been taken out to accompany the trunk did not correctly state the purchase price of some of the items in it and that the claimant did not wish to make entry upon such invoice. The letter then gave new values to many of the items in the invoice, correcting the old ones. Upon receipt of the letter the trunk was seized, and the question now arises as to whether its contents was forfeited because the claimant had made a misstatement in regard to its entry.

William M. Wemple and Harold S. Deming, Asst. U. S. Attys.

Kammerlohr & Duffy (John G. Duffy and Henry P. Velte, of counsel), for claimant.

HAND, District Judge (after stating the facts as above). In U. S. v. One Trunk (McNally, Claimant), 171 Fed. 772, I held that to take out a fraudulent invoice and change one's mind before using it was not to "attempt to enter" imported merchandise. Considered as imported merchandise subject to section 4 of the Customs Administrative Act, I must consistently hold that there was no ground of forfeiture, because the claimant did not use the fraudulent invoice to enter the goods under section 4.

The question remains whether she was required to enter the trunk as baggage under section 2799. I find as fact—both sides having asked for the direction of a verdict—that by her conduct before the collector she declared the value of the contents of the trunk to be the sum of the consular invoice and that such a declaration was an attempt to deceive the collector. I believe, also, that articles 610 and 611 of the Treasury Regulations, requiring passengers to state the value of their baggage, is valid, because paragraph 697 of the Dingley act put a pecuniary limitation upon the exemption of wearing apparel.

The remaining question is whether the claimant was under any duty of any kind to enter the trunk as personal baggage under section 2799. The goods were merchandise for sale. That is not within the usual definition of "personal baggage," or of "personal effects." Murray's Oxford Dictionary defines "personal effects" as "personal luggage as distinguished from merchandise"; and I think that the exception from section 4 of "personal effects" is equivalent to an exception of the articles which must be declared under section 2799 of the Revised Statutes. No one contends that the goods here are "personal effects," as I understand it. Therefore the goods did not come within section 2799, and the declaration of value was not required by law.

Mr. Wemple insists that this result contradicts United States v. One Purple Cloth Costume (D. C.) 158 Fed. 899, and United States v. 218½ Carats of Emeralds (D. C.) 153 Fed. 643. I do not think so. In the first case the claimant tried to smuggle her dresses through the lines as personal baggage and without any declaration of any kind. If an importer so packs imported merchandise amid his actual personal baggage as to conceal it, he has by that act given it, quoad hoc, the character of personal baggage. He, least of all, can urge that it is not such. Perhaps as to such goods both forms of entry apply. Further,

I think that, even by shipping a separate package of imported merchandise among passengers' baggage, as here, the owner prima facie classes it as such, and must be held under duty to declare it as baggage, or to indicate its true character when asked to declare his baggage. If there be an ambiguity, it is of his own making, and he must resolve it.

However, in this case, I am satisfied that the claimant did at the proper time quite unambiguously declare that the contents of the trunk was not personal baggage, as it was not in fact. By her talk with the collector and by writing the words "Consul Invoice" upon the declaration, I think she meant to say:

"I have also some goods in a trunk, described in a consular invoice, which are among the passengers' baggage, but which will come in as imported merchandise."

If so, she effectively cleared up any ambiguity about the character of the goods, and correctly asserted that it was not baggage, in spite of its location in the ship. It is true that she misstated their value, but that was not a change in her position; and though it was quite as corrupt as though it were illegal, it remained a gratuitous statement. I do not believe that, where the owner does not seek to conceal the character of imported merchandise by dressing it up as baggage, Congress could have intended to make applicable two independent systems of formalities, each complete in itself. If I have understood United States v. One Pearl Necklace, 111 Fed. 164, 49 C. C. A. 287, 56 L. R. A. 130, and One Pearl Chain v. United States, 123 Fed. 371, 59 C. C. A. 499, those cases are clearly to the contrary.

I will direct a verdict for the claimant; but, as the seizure does not seem to me to have been without reasonable cause, I will not give costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes