Patsy Pagliuca, Plaintiff, *v.* American Export Lines, Inc., et al., Defendants.

City Court of the City of New York, Trial Term, New York County, May 18, 1950.

*Alfred F. Ritter* for plaintiff.

*George I. Janow* for Security Insurance Company, defendant.

COLEMAN, J. The defendant's floater policy insured the plaintiff against loss of personal effects '' owned by and for the personal use, adornment and/or amusement of the Assured * * * while in transit * * * en route during any journey anywhere in the world * * *.'' The plaintiff's trunk was lost from a vessel on which he was traveling to Italy; except for a few articles to be mentioned later, the trunk was filled with articles of clothing purchased here by the plaintiff to be distributed among members of his family in Italy. Are these articles of personal property '' personal effects * * * for the personal use, adornment and/or amusement '' of the plaintiff. The term '' personal effects '' may have different meanings in different contexts as in customs statutes, or in wills (cf. *United States* v. *Bernays,* 158 F. 792; *United States* v. *One Trunk,* 175 F. 1012; *Matter of Thompson,* 218 App. Div. 130, affd. 245 N. Y. 565) and to the extent that the belongings here were personal property not intended for sale, they may be considered the plaintiff's '' personal effects ''. But there is a narrower restriction effected by the policy itself. The property lost must not only be the plaintiff's but must have been for his personal use, adornment or amusement. We are not to read insurance policies with an eye to detect plausible grounds for declining liability but the meaning of the every day words in this policy is plain; they leave no room for argument or construction in favor of the assured. The plaintiff cannot recover the value of personal property intended for the personal use and adornment of others. And so with the large quantity of vitamins in the trunk which were to be given away, presumably to a brother, a pharmacist.

The plaintiff may recover the value of the camera and of the projector which were in the trunk, $365; he cannot recover for the four suits of clothing which he now asserts were his, whether in raw material or already made up; they too, were intended for distribution abroad.