## THE STATE *versus* CLEMENTS.

If a proprietor of land grant the right of a private way across it, of a specified direction and width, and afterwards convey the land on one side of such way, bounding it by the line of the way; *it seems* the grantee of such land takes no fee in any part of the strip of land covered by the right of way.

Neither, by virtue of his deed, does he take, in such strip of land, any easement or any right of way by necessity.

When one has used a certain degree of force, in order to protect his property, it is not matter of law for the court, but matter of fact for the jury, to decide whether that degree of force was necessary and therefore justifiable.

COMPLAINT for an assault and battery committed upon Geo. N. Black, 15th Nov. 1849. The case comes into this court by appeal. It appeared, *that,* two years before the alleged assault and battery, Black contracted to purchase a strip of land on which to build a road from the public highway to his mill; *that* he built the road, and, two months prior to the assault, put a gate across it, which he usually kept locked up in the night, and which was generally left open in the daytime; *that* he has ever since been in possession of said road; *that* he received his title deed of the land on which the road was built in September, 1849, and that defendant purchased the land adjacent to the road, upon which it is bounded on one entire side, and received his deed of it in April, 1849, five months prior to the execution of Black's deed, both of which are from the same grantor. The defendant contends that, by virtue of his deed, he has an easement in the road.

The defendant attempted to pass upon the road with his team, and Black prevented him; whereupon the defendant struck him with an iron crow bar. As to the severity of the blow, there was some slight conflict of testimony.

Upon this state of facts, the defendant's counsel " requested the Judge to instruct the jury as to his right of way, in virtue of his deed."

He also contended, that, as the defendant had a right of way, he used no greater degree of force than was lawful.

The Judge refused to give any instructions as to the right of way, but did instruct the jury, that whether defendant had or had not a right of way, the blow with such a weapon, inflicted upon Black, could be justified only in necessary self-defence.

The verdict was against the defendant, and he filed exceptions.

*C. Lowell*, for defendant, read a document of great length. The legal points which it presented and urged were the following : —

1. The Judge ought, when requested, to have instructed the jury, that the defendant had an easement in the road, and therefore a right to pass upon it. 3d vol. 3d ed. Kent's Com. 433, and onward ; 2d vol. 2d ed. Hilliard's Ab. 349, and notes ; 17 Mass. 413 ; 4 Mass. 110 ; 21 Pick. 292 ; 1 N. Y. Digest, 303, and citations.

The defendant's deed gave him a right of way upon said road.

When he purchased, his grantor owned the whole, The defendant had no other way to get to the public road. He had therefore, a right of way by necessity.

But, further, he owned one half of the land, covered by the road. " A grant of land, bounded on a highway, carries the fee in the highway to the centre of it, if the grantor, at the time, owned to the centre, and there be no words to indicate a different intention." *Johnson* v. *Anderson*, 18 Maine, 76.

2. The Judge erred in instructing the jury, that whether defendant had or had not an easement in the way, he had no right to strike Black such a blow, as testified to by the government's witnesses, unless necessary for self-defence, without some allusion to the conflicting and modifying evidence of the

State *v.* Clements.

other witnesses. *Greenleaf* v. *Booth*, 9 Peters, 292; *Pierce* v. *Whitney*, 22 Maine, 113; *Lapish* v. *Wells*, 6 Maine, 175.

The character of the rest of the argument may be inferred from the opening part of the opinion given by the court.

*Kelley* with *Lowell*, for defendant.

The defendant had a legal way upon the road, both by his conveyance and also by necessity.

The Judge ruled that all, which the defendant had a right to do, was to defend himself. This ruling is believed to be erroneous. Where one is using his lawful right, he may exert force enough to repel resistance to his actions.

The case was submitted by the government without argument.

TENNEY, J., orally. — The first argument offered for the defendant is of an uncommon type. Upon such arguments, it is always proper that the court should animadvert. Our remarks are not intended to apply to this argument in particular, on account of the vehemency of its invective, or the extent of its departure from known and salutary rules, though its aberrations have been very wide.

With the kindest feelings, and in relation to other cases as well as this, we announce that such irregularities are always viewed without approval. They conciliate no favor; they beget no advantages. Judges, like other men, may admire the pungent language of the distinguished, though unknown, Junius; the cutting satires and scorching invectives of the "Great Sub Umbra." But in tribunals of justice, such emanations are inappropriate and out of place.

Courts may be reluctant to arrest the torrents of impassioned zeal, or the fervors of eloquent denunciation; still they must *decide* only upon a stern and dispassionate application of rules, purely intellectual and unyielding.

They always find most pleasure, when counsel, both in their addresses to the jury and the court, keep most *"super*

State *v.* Clements.

*antiquas vias legis.*" To every thing *dehors* the rules, we are forbidden to give any weight.

This case comes up on exceptions.

The defendant contends that he had legally an easement in the road, a right to pass there ; and that his acts in vindication of that right, were lawful ; that he might rightfully persist in the use of the way, and exert the force necessary for protecting that right. He requested of the Judge instructions to the jury " as to his right of way from his deed in that road." Such instructions were not given. Was the defendant injured by that refusal ? He exhibited a deed, and claimed that it gave to him a fee in one half the width of the road. It is not necessary for us to decide its effect, but our impression is, that it bounds his land by the east line of the road.

He however claims an easement. Black had built a road to his mill. Whether or not it was a public mill, like a grist-mill to which all have a right to go, does not appear. There is nothing to prove that the, public had any right of way there. Black had built the road to his own mill, and had kept it in his possession. What is there to show that the road was any thing more than a private way, owned by Black? How then had defendant any right to use it ?

His deed, though bounded by the road, did not necessarily constitute the road a public one. Nothing shows it to have been dedicated to the public. The defendant fails to show that he had a right of way there. Till he had offered proofs of that, he could not be aggrieved by the Judge's refusal to give the instruction.

The instruction was not technically right. It assumed as matter of law that a certain degree of force, which a man had applied to another, in defence of rights, was more than he had a right to use. A man may use force enough to protect his property. Whether he has used more than that is matter to be settled by the jury. But the ruling did the defendant no injury, for he had no rights there to be protected.

But it is also urged that the defendant had a right of pass-

ing there by necessity. The principles, applicable to right of way by necessity, have no application to this case.

In the defendant's request for instructions, he asked for general views, "as to the defendant's right of way from his deed." Counsel may ask that a particular principle be presented by the Judge to the jury. But the Judge is not bound to offer a treatise or general exposition of the law upon any subject. *Exceptions overruled.*