JAMES A. WINSLOW *vs.* ISAAC B. REED.

Sagadahoc.   Opinion March 25, 1896.

*Deed.   Boundary.   Way.*

When land is bounded on a highway, it extends to the center of the way; but it is equally well settled in this State, whatever the rule may be elsewhere,

that when land is bounded on a private way, it extends only to the side line of the way.

*Bangor House* v. *Brown*, 33 Maine, 309; *Ames* v. *Hilton*, 70 Maine, 36, affirmed.

ON EXCEPTIONS BY PLAINTIFF.

This was a real action brought to determine the title to a lot of land on the North side of Court Street, in the city of Bath, or to that part of the lot upon which the defendant had erected a building extending into Winslow Court, a private way. The defendant claimed a fee to the center line of the private way.

Prior to 1874, the plaintiff owned a large tract of land on the North side of Court Street and subsequently sold to various parties parcels of this land, through which he had laid out a private way, bounding the lots thus sold on this private way. The plaintiff claimed that he retained the fee of the private way and that he had by his deeds granted to the purchasers an easement only in such private way. Prior to bringing this action, the plaintiff had conveyed all the land on each side of Winslow Court, or private way, and the only question submitted by the exceptions was whether the defendant's title in fee extended to the Western or side line of Winslow Court, or to the center of the same.

The defendant moved for a nonsuit, after the plaintiff had closed his evidence, upon the ground that the testimony showed that the erection of the building by the defendant, of which complaint was made, was entirely within the center line of the court; that Winslow by his deed had conveyed to the center of the court; that if the plaintiff had any right to the land upon which the building was erected it could amount to no more than an easement, a right to have that portion of the way free from erections of any kind; and that a writ of entry could not be brought to recover an easement.

The presiding justice sustained the motion and ordered a nonsuit; thereupon the plaintiff took exceptions.

The description of the land conveyed to the defendant is as follows:—

"Beginning on the East corner of land of said Isaac B. Reed and Court Street: thence running Northerly on said Reed's line to land of one George Blange; thence on said Blange's East line

to Winslow Court, so-called; thence in a Southwestly direction on said Court to first mentioned bound."

*George E. Hughes,* for plaintiff.

*F. L. Noble and R. W. Crockett,* for defendant.

The plaintiff in his deed to the defendant conveyed the fee to the center of the private way known as Winslow Court. It is a well established principle of law that a deed bounded on a highway conveys the fee to the center of the way, unless the language plainly excludes the way, (*Codman* v. *Evans,* 1 Allen, 443); *Palmer* v. *Dougherty,* 33 Maine, 502; *Hunt* v. *Rich,* 38 Maine, 195; *Cottle* v. *Young,* 59 Maine, 105; *Phillips* v. *Bowers,* 7 Gray, 21, 24.

The same principle extends to lands bounded on private ways. *Fisher* v. *Smith,* 9 Gray, 441, p. 444; *Stark* v. *Coffin,* 105 Mass. 328, p. 330; *Boston* v. *Richardson,* 13 Allen, 146, p. 154; *Motley* v. *Sargent,* 119 Mass. 231, p. 235.

In *Ames* v. *Hilton,* 70 Maine, 36, which is seemingly contra, the private way in question was used exclusively by the grantor as a passage way to his buildings and no other person had any right of way in the passage way. Hence it was held that a deed of land on the opposite side of the passage way from the buildings, and bounded on the passage way, conveyed the fee only to the side line.

Here the private way was used in common by all the owners of land lying adjacent thereto, both on Court Street and in the rear of Court Street, and the plaintiff cannot by any construction of law be held to be the owner of the fee to the Court. The language in his deed to the defendant in no manner excludes the passage way; and furthermore he has conveyed the lands on both sides of the way; leaving him no greater rights in it than belong to the public. Consequently the plaintiff having at most only an easement in the private way, if indeed he has that, and it being clearly established that a writ of entry cannot be brought to recover an easement, he cannot maintain his action and a nonsuit was properly ordered. R. S., c. 104, § 1; *Wyman* v. *Brown,* 50 Maine,

139; *Provident Inst'n* v. *Burnham,* 128 Mass., 458; *Ayer* v. *Phillips,* 69 Maine, 50.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-
HOUSE, WISWELL, JJ.

WALTON, J. Exceptions to a compulsory nonsuit. The pre-
siding justice seems to have assumed that when land is bounded on
a private way, the same rule applies as when land is bounded on a
highway, and that land so bounded extends to the center of the
way. This was erroneous.

It is undoubtedly true that when land is bounded on a highway,
it extends to the center of the way; but it is equally well settled
in this State, whatever the rule may be elsewhere, that when land
is bounded on a private way, it extends only to the side line of the
way. *Bangor House* v. *Brown,* 33 Maine, 309; *Ames* v. *Hilton,*
70 Maine, 36.

*Exceptions sustained.*