**In re Everett A. BLANCHARD, Sr., Debtor.**

**Dennis G. BEZANSON, Trustee, Plaintiff,**

v.

**AMOSKEAG SAVINGS BANK, Everett A. Blanchard, Town of Scarborough, Maine, Defendant.**

**Bankruptcy No. 283–00247.**
**Adv. No. 283–0317.**

United States Bankruptcy Court, D. Maine.

March 27, 1984.

time of the injury or death of an employe. Laws 1953, c. 755, § 3.

M.S.A. § 176.031 (1966). See also M.S.A. § 176.183 (West Supp.1984).

Dennis G. Bezanson, South Portland, Me., Trustee.

Douglas M. Myers, Kurtz & Myers, South Paris, Me., for Amoskeag Sav. Bank.

Neal L. Weinstein, Old Orchard Beach, Me., for Everett A. Blanchard, Sr.

F. Paul Frinsko, Gregory A. Tselikis, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for Town of Scarborough.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The trustee seeks a determination that the security interest of defendant Amoskeag Savings Bank in the debtor's mobile home is unperfected. Both Amoskeag and the debtor argue that although the financing statement is not in absolute compliance with the statute, the document is sufficient because it adequately and accurately fulfills its notice function. The court concludes that Amoskeag's security interest is perfected.

The facts are not disputed. On November 1, 1979, the debtor executed a security agreement with State Mobile Homes, Inc. The collateral is described in the written agreement as a new mobile home, to be located at 236 Deerwood Street, Hillcrest Mobile Home Park, Scarborough, Maine. Within a few days, the secured party assigned its security interest to Amoskeag. On November 9, 1979, Amoskeag filed a financing statement with the Secretary of State in Augusta, Maine. The document contains a detailed description of the collateral and the names and addresses of the secured party, the secured party's assignee, and the borrower. Although the description of collateral itself did not include the mobile home's location, as required by 11 M.R.S.A. § 9-402(1) (Supp. 1983-1984), the address given as the borrower's was in fact at that time the location of the mobile home. Finally, the parties have agreed that the vehicle is a mobile home as defined in 10 M.R.S.A. § 1402(2).

The only issue in this proceeding is whether the bank's financing statement perfected its security interest. Requirements for an adequate financing statement are set out in 11 M.R.S.A. § 9-402(1) (Supp. 1983-1984), which in relevant part reads:

A financing statement is sufficient, if it gives the names of the debtors and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral; *provided that, for purposes of this section, if the collateral is a mobile home* as defined in Title 10, section 1402, subsection 2, *the description of collateral shall include the location designated by the debtor in the security agreement as the place at which the mobile home is, or is to be, located.*

(emphasis added). Although a document does not absolutely conform to the statute, it may still perfect a security interest:

A financing statement *substantially complying* with the requirements of this section is effective, even though it contains *minor errors* which are *not seriously misleading.*

11 M.R.S.A. § 9–402(8) (Supp. 1983–1984) (emphasis added). Since the parties agree that the description of collateral in the financing statement does not include the mobile home's location, as required by the statute, the court must decide whether the document substantially complies with § 9–402 in that it contains only a minor error which would not be seriously misleading.

The function of a financing statement is to give notice to interested parties " 'that the secured party who has filed may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs.' " *In re Circus Time, Inc.*, 641 F.2d 39, 42 (1st Cir.1981), *quoting* Me.Rev.Stat.Ann. tit. 11, § 9–402, Uniform Commercial Code, Comment 2. "A properly filed financing statement would thus serve its intended purpose if a subsequent party would have been put on notice of an outstanding security agreement." *In re Cushman Bakery*, 526 F.2d 23, 29 (1st Cir.1975), *cert. denied sub nom Agger v. Seaboard Milling Corp.*, 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 178 (1976); *quoting Bramble Transportation, Inc. v. Sam Senter Sales, Inc.*, 294 A.2d 97, 103 (Del. 1971).

This function is not altered by Maine's nonuniform requirement in § 9–402(1) that the description of collateral for a mobile home include the address where the structure is or will be located. When it added this provision to the statute in 1978, P.L. 1977, c. 702, § 1, the legislature apparently perceived a problem needing rectification. An aid in discovering that problem and the legislature's intent is the "Statement of Fact" attached to Legislature Document No. 2190, which introduced P.L.1977, c. 702. *Franklin Property Trust v. Foresite, Inc.*, 438 A.2d 218 (Me.1981). The statement as relevant reads:

> Finally, the bill relieves a problem frequently encountered by file searchers when looking for security interests in a mobile home whose new owner has

moved from the municipality where he was living when he bought the mobile home to another municipality where the mobile home was placed after its sale.

Obviously the legislature believed that the notice provided by a financing statement could be enhanced if the searcher had access to the *intended* address of the borrower, not just the address where he resided while negotiating the purchase of his new home. No other function for this addition to the statute recommends itself.

█ The only error in the financing statement covering Amoskeag's interest is the omission of the address of the mobile home as part of the collateral description. That address, however, is supplied *as the address* of the debtor.[1] As respected commentators on Article Nine of the Uniform Commercial Code have observed, even a total omission of an address can be a minor error. The problem is a question of fact, the omission being fatal only if the notice function of the financing statement is undermined. J. White and R. Summers, *Uniform Commercial Code* § 23–16 at 961 (2d ed. 1980). *See also Annot.*, 99 A.L.R.3d 807 (1980). In this case, a creditor could not seriously contend that he was misled by Amoskeag's financing statement, which on its face, even if not in the proper position, shows the location of the mobile home. Every bit of information required by the legislature is supplied on the statement. Provided with these details, any reasonably diligent file searcher would have ample notice of a possible outstanding security interest. He would know the nature of the collateral and how to find both the secured party and the borrower to garner more information. Consequently, Amoskeag's security interest was perfected.

An appropriate order will be entered.

---

1. At some time after the filing of the security interest, the debtor moved his mobile home to another lot within the same mobile home park. This fact does not affect the court's determina-

tion, as there is no statutory requirement that financing statements be revised when parties later change addresses.