**12**

## FRANKLIN PROPERTY TRUST

v.

## FORESITE, INC., et al.

Supreme Judicial Court of Maine.
Argued Nov. 19, 1984.
Decided March 15, 1985.

Zuckerman & Avaunt, Patricia A. Mador, Mary B. Devine (orally), Gray, for plaintiff.

Marden, Dubord, Bernier & Chandler, Albert L. Bernier (orally), Waterville, for defendants.

Before McKUSICK, C.J., NICHOLS, ROBERTS, VIOLETTE, WATHEN, and GLASSMAN, JJ., and DUFRESNE, A.R.J.

ROBERTS, Justice.

This appeal involves a question of title to a large commercial sign located on a parcel of land (sign property) that serves as an entrance to the Promenade Mall in Lewiston. This is the same parcel that was the subject of *Franklin Property Trust v. Foresite, Inc., et al.*, 438 A.2d 218 (Me. 1981) (*Franklin I*). In that case, we determined that Franklin Property Trust was the fee owner of the sign property, and the matter was remanded to the Superior Court for hearing on Franklin's claims based on implied contract and trespass. Foresite had a nonexclusive right-of-way over the sign property and contended that its erection of the sign was within the scope of the right-of-way.[1]

On remand, judgment was entered for Franklin, and Foresite was ordered to pay

---

**1.** The defendants named in Franklin's initial complaint are Foresite, Inc., formerly Rosenthal

damages equal to the fair rental value due for the sign property from June 1, 1977 to the date of the order, November 3, 1983. The court also held that Franklin Property Trust had the right to evict the sign, or to charge rent. Foresite removed the sign shortly after the order.

In response to the sign removal, Franklin, by complaint dated December 15, 1983, sued Foresite, alleging trespass, conversion, and unreasonable interference with the use of property. The essence of Franklin's complaint was that the sign had merged with the land, and therefore was Franklin's property. After a hearing on April 26, 1984, the Superior Court granted Foresite's motion for summary judgment on all counts. Franklin seeks review of the Superior Court's grant of summary judgment, contending that the trial justice erred in characterizing Foresite as a tenant at will, and in concluding that title to the sign did not merge with title to the land through accession. We affirm the Superior Court judgment.

## I.

Franklin contends that although the November 3, 1983, Superior Court order was phrased in terms indicating that Foresite owned the sign and was a tenant at will on the sign property, the trial justice never found, as a factual matter, that Foresite did indeed own the sign. Thus, Franklin argues that there were material issues of fact that could be construed to indicate that the sign became Franklin's property at the time of its erection because Foresite was a trespasser rather than a tenant at will. Because of the prior litigation, we reject Franklin's contention.

Investments, Inc., Lisbon Street Shopping Trust, and Robert Rosenthal. Although the sign was apparently removed by the Lisbon Street Shopping Trust, and Foresite denies any interest in the sign, the defendants will be referred to collectively as "Foresite."

2.  33 M.R.S.A. § 461 (1978) provides that a conveyance made prior to October 3, 1973, which

Initially Foresite claimed title to the sign property by virtue of 33 M.R.S.A. § 461 (1978),[2] a view shared by the Superior Court in the original action initiated in 1979. In *Franklin I*, however, we determined that the Superior Court misinterpreted that statute and that Franklin retained title to the sign property.[3] We remanded on the undecided issues of implied contract and trespass in light of the fact that Foresite did own a right-of-way over the sign property, the scope of which had not yet been determined. On remand, the Superior Court determined that the permissible scope of Foresite's right-of-way did not include the right to erect a sign:

The plaintiff has suffered damages equal to a fair rental value due for the sign from June 1, 1977 to the date of this Judgment, plus interest. The Court finds that these damages amount to $3000.

The Defendants have no present entitlement to keep their sign on the Sign property. Plaintiff has an absolute and unlimited right to evict this sign. This right to evict carries with it the right to unilaterally determine the amount of rent for this or any sign from this date on.

*Franklin Property Trust v. Foresite, Inc. et al.*, No. CV–79–117 (Me.Super.Ct., And. Cty., Nov. 3, 1983).

Shortly after the November 3, 1983, Judgment and Order, Foresite obtained a permit to relocate the sign on an adjoining parcel owned by the Lisbon Street Shopping Trust and removed the sign from the sign property in early December of 1983. Foresite's removal of the sign precipitated Franklin's complaint for trespass, conversion, and unreasonable interference with the use of property. The Superior Court's

transfers land abutting a road or way is deemed to convey the grantor's interest in the road or way unless the grantor expressly reserved his title to that road or way.

3.  We ruled that the statute does not apply to land that is bounded by a private way not dedicated to a public use.

entry of summary judgment in favor of Foresite prompted this appeal.

Franklin did not appeal from the November 3, 1983, order which decided that Foresite was a tenant at will and that under an implied contract theory Franklin was entitled to damages equal to accrued rent on the sign property. Franklin had pursued alternative theories of recovery in this first case and accepted the ruling of the Superior Court without even requesting more specific findings of fact. Given this procedural chain of events, Franklin cannot now be heard to complain about the order characterizing Foresite's status as a tenant at will.

## II.

Franklin next contends that even if Foresite was a tenant at will, the Superior Court erred in concluding that the sign remained a chattel, rather than becoming a fixture, thereby affording Foresite the right to remove the sign. In *Hayford v. Wentworth*, 97 Me. 347, 350, 54 A. 940, 941 (1903), we stated that

> a chattel is not merged into the realty unless (1) it is physically annexed, at least by juxtaposition, to the realty or some appurtenance thereof, (2) it is adapted to and usable with that part of the realty to which it is annexed, and (3) it was so annexed with the intention, on the part of the person making the annexation, to make it a permanent accession to the realty.

The *Hayford* court also stated that special prominence must be attached to the intention of the party making the annexation and "the burden for showing the existence of these requisites for merger, including the intention, is upon the party claiming the chattel to have become merged in the realty." *Id.* at 350, 54 A. 940.

More recently, in *Bangor Hydro-Electric Co. v. Johnson*, 226 A.2d 371 (Me.1967), we dealt with the issue of whether utility poles are interests in real property or are tangible personal property. In refining the second aspect of the three-part *Hayford* test,

i.e., that the chattel must be adapted to the use to which the land is put, we stated: "The chattel and the real estate must be united in the prosecution of a common enterprise...." *Id.* at 376.

Franklin contends that the Superior Court erred in concluding that the sign was superficially annexed to the property because there were two steel beams set into the ground. Franklin also argues that, contrary to the Superior Court's ruling, the sign was in fact adapted to the realty because of its use for mall advertisement. Finally, Franklin argues that the intent of the parties is the most critical element in the *Hayford* test, and it is a "mixed question of law and fact," thereby precluding summary judgment. *Hayford*, 97 Me. at 351, 54 A. 940.

Although we agree that special prominence must be attached to the intention of the party making the annexation, we still adhere to the requirement that *all three* elements of the *Hayford* test must be met before there is a merger of the sign into the sign property. Consistent with the Superior Court's ruling, removal of the sign was no different than removal of the telephone poles in *Bangor Hydro*. In *Bangor Hydro* we stated that

> even in the earlier cases which placed great emphasis on this fact and were governed largely by the possibility of the chattels being removed, without injury to the real estate, it could not be argued that the removal of utility poles from the realty would appreciably affect its condition and value.

226 A.2d at 376.

The Superior Court also disagreed with Franklin's contention that the sign was physically adapted to and usable with that part of the realty to which it was annexed. The Superior Court reasoned that the sign panels could be changed to serve purposes other than advertisement of the stores in the mall. Moreover, the sign advertised the mall property and not the sign property on which it was located.

Again, the *Bangor Hydro* decision supports the Superior Court's conclusion. The court there stated that

> installation of poles within the limits of a public highway establishes no adaptation to the use of the highway and neither contributes to its purpose nor brings about any joinder in a common enterprise.

226 A.2d at 377. The sign in the instant case does not contribute to the sign property which is a street forming the entrance to the mall. Rather, it contributes to the mall property in that it advertises the businesses on that property.

Finally, the Superior Court concluded that the parties' conduct, as evidenced by the record, indicated an intent *not* to make the chattel a permanent accession to the realty. Franklin contends that the question of intent was an improper issue for decision in the context of a motion for summary judgment. However, intent is only one aspect of the three-part test. Be-

cause we find that the Superior Court correctly concluded that Franklin failed to satisfy two of the three elements set forth in *Hayford,* we hold that the Superior Court correctly ruled, as a matter of law, that the sign remained a chattel. Foresite's removal of the sign in response to the November 3, 1983, order of the Superior Court was proper.

The remaining issues raised on appeal are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.