STATE OF MAINE  
KENNEBEC, ss

WATERVILLE DISTRICT COURT  
DC-CV-15-32

RACHEL WILLIAMS, TIMOTHY  
WILLIAMS, IVAN GLEASON, VERNA  
GLEASON, ANN GILLES, NORMAN  
GILLES, JEFFREY BRAGG, KATHY  
BRAGG, PATRICIA BRAGG and  
WAYNE BRAGG,

     Plaintiffs

v.

**ORDER FOR ENTRY OF  
JUDGMENT**

MARK GOULD,

     Defendant

and

PIKE INDUSTRIES, INC. DELWIN  
PHILBRICK, SANDRA PHILBRICK and  
TOWN OF SIDNEY,

     Parties in Interest

This matter came before the Court for trial on June 30, 2016. The Court has considered the evidence and testimony admitted at trial, as well as the parties' written closing arguments, the last of which was received on July 29, 2016, and issues the following findings and Order for entry of Judgment.

The Plaintiffs are represented by Attorney Mariah Gleaton. Mark Gould represented himself at trial but retained Attorney James Mitchell to file a written

1

argument on his behalf. That argument concedes that Plaintiffs' memorandum "states the law properly" regarding private ways and obstructions. It also concedes that all issues were tried "by express or implied consent under Rule 15(b)." The memo further narrows the issues before the Court to whether Mr. Gould unreasonably interfered with other parties' use of the road in question, and whether the improvements he claims he made constitute trespass. (Defendant Gould's Memorandum of Law, pg. 1-2).

All the parties, including the above-named parties-in-interest, own real estate which abuts a discontinued portion of 8 Rod Road in Sidney. The road runs for just under a mile in a southerly direction to where it meets the Norman Road, ending at property owned by Carol Meader. The road is 4 rods wide. Plaintiffs' Exhibit 12 is a survey created by licensed surveyor Greg Carey who was retained by Plaintiff Jeffrey Bragg for this litigation.

Mr. Gould owns land at 198 Drummond Road in Sidney, and his property borders the west side of the discontinued portion of the road. Exhibit A attached to Plaintiff's closing argument is the deed to Mr. Gould and his wife Diane Gould dated June 14, 1983 from Paul E. Emery as recorded at Book 2812 Page 331 in the Kennebec County Registry of Deeds.

The evidence shows that in 1959 the Kennebec County Commissioners discontinued the 8 Rod Road, while preserving a "private way." (Plaintiffs' Exhibits 5, 6, and 2A). This preservation created a public easement over the 8 Rod Road. 23 M.R.S. §3021(2) 2008. See also, *Franklin Property Trust v. Foresite, Inc.* 438 A.2d 218 (Me. 1981).

2

Witnesses at trial testified credibly that Mr. Gould has obstructed their use of the 8 Rod Road in various ways over a significant period of time. Selectman Jonathan Whitcomb testified that there were issues in the past with Mr. Gould placing hay trailers and excavators on the road, with the current problem being Mr. Gould's placement of a combine on the easement. On August 11, 2014 the Town sent Mr. Gould a letter advising him that the combine was blocking the Norman Road.

Rachel Williams owns property off the 8 Rod Road (Pl.'s Exh. 13). She can access her property from the Springer Road but she described that road as being in poor condition. They use the 8 Rod Road as well but testified that Mr. Gould has made that difficult. A fence "appeared" obstructing the road, along with other barriers. She testified that the combine has been there "for years" and she made it clear that all of these barriers have made travel up and down the road to be very difficult.

Leon Burgess is Road Foreman for Sidney. He testified that part of his job is to keep "open" any road used by the public. While he does not maintain the 8 Rod Road, he testified that he has been called upon to ask Mr. Gould to keep the road accessible to the public. He testified that Mr. Gould was willing to remove barriers when asked, but that after removal the "stuff comes back."

Wayne Bragg testified that there is a road bed under the 8 Rod Road. The road bed makes it possible to bring farm equipment and vehicles down the road but he testified that he could not, as Mr. Gould believes, drive off the road bed around the obstacles Mr. Gould has placed on the road.

Jeffrey Bragg owns property along the Norman Road and a large parcel along the 8 Rod Road. He uses it for cropland and for pasture. He testified that people depend on

3

getting to the Norman Road to access their property as the Springer Road is often a "mud run." In addition, he testified that Mr. Gould has placed forage boxes, debris and the combine along the road making it difficult for people to access the road. He testified that Mr. Gould had placed more barriers on the road while the litigation has been pending.

Mr. Gould owns approximately 65 acres along the road. He admitted placing the combine and leaving it on or next to the road as Plaintiffs claim, and testified that he could move the combine if given a reasonable amount of time to do so. He claims that the people who complain about his use of the road could access their property another way, specifically from Route 104. He claims that vandals have let his animals out of their fenced pastures, and generally denies that he has done anything unreasonable to obstruct others' use of the discontinued road.

The Court finds that Plaintiffs have proven that Mr. Gould has blocked the road bed by his combine and other obstacles including a metal fence. The Court further finds that these acts constitute an unreasonable interference with the public easement which permits unobstructed access to the easement by the Plaintiffs and other members of the public.

The Court further concludes that Plaintiffs are entitled to declaratory and injunctive relief. With respect to declaratory relief, they have proven that there is a public easement over the discontinued portion of the 8 Rod Road from Dana Norman's residence, at a pin set by the Town of Sidney, running approximately .9 miles south to the property now or formerly owned by Carol Meader. The property owners adjacent to this discontinued road own up to the center line of the discontinued portion of the road.

4

In addition, Plaintiffs have met the four criteria required by Maine law for obtaining injunctive relief. *Windham Land Trust v. Jeffords,* 967 A.2d 690 (Me. 2009). First, the Plaintiffs would suffer irreparable harm if they are not allowed to access their property. Second, that injury outweighs any harm that granting injunctive relief would inflict on Mr. Gould, as he has ample acreage which can accommodate the combine and other equipment. Third, the public interest will not be harmed by issuing this relief as the public has a right to access the road. Fourth, the Plaintiffs have prevailed on the merits.

The entry will be: Plaintiffs' request for declaratory relief is granted. Plaintiffs' request for injunctive relief is granted. Defendant Mark Gould is ordered to remove his combine, fences, and any and all other personal property out of and away from the above-described .9 mile long, 4 rod wide public easement by September 16, 2016. Defendant Mark Gould is further prohibited from in the future placing anything in the above-described public easement. Should he fail to comply with the above, Plaintiffs may seek enforcement of this order as provided by law.

_____
8/17/16
**DATE**

_____
**SUPERIOR COURT JUSTICE**

5