STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 20-083

NOV 12 '20 AM 11:08
ANDRO SUPERIOR COURT

LUCKY 777, LLC

v.                                                                                  ORDER

NATURE'S RESOLUTION LLC
*et. al.*

Before the court is Defendant Nature's Resolution's Motion for Reconsideration of Plaintiff's Request for Discharge of Lien. Because filing a timely lawsuit was necessary to preserve the lien, the lien is of no effect. Therefore, the court denies the Motion to Reconsider and the court's September 23, 2020 order discharging the lien remains in full force and effect. The court does not reach the issue of whether the Defendant's response was timely filed.

## BACKGROUND

Plaintiff's Complaint arises out of a dispute over the Defendant's tenancy at a commercial building in Auburn. By virtue of a May 2019 lease, the Plaintiff leased the premises from the owner. Plaintiff then entered into an oral sublease agreement with Defendant allowing the Defendant to use the space. A dispute arose between the two parties and the Complaint and Counterclaim allege various theories of recovery.

At issue with this motion is a notice of mechanic's lien recorded at the Registry on behalf of the Defendant on April 7, 2020. The lien alleged that Defendant had performed work on the premises. The work had been completed on March 9, 2020. There is no dispute that Defendant never filed suit within 120 days of the completion of

1

the work. Defendant's counterclaim in this action does not seek enforcement of a mechanic's lien.

Plaintiff filed a Motion for an Expedited Order Discharging Notice of Lien on August 14. Plaintiff's Motion included a request that the court require that the Defendant respond within 5 days. Unfortunately, it did not reach the attention of the court until September 18. The normal 21 deadline to respond to the motion had already expired. Unfortunately, the court confused matters by executing the unopposed order providing 5 days to respond on September 18. The court granted the order discharging the lien on September 23. Until then, Defendant had not filed any response to the Plaintiff's motion. On September 23, however, the Defendant filed an objection to the Plaintiff's original motion. Defendant filed a subsequent motion asking that the court reconsider the September 23 order.

The court held an unrecorded oral argument on Friday November 6 and allowed that Plaintiff file anything in reply to Defendant's objection to Plaintiff's original motion to discharge the lien. The court also allowed the Defendant to file anything in reply in response to Plaintiff's objection to Defendant's motion to reconsider by Monday November 9.

## ANALYSIS

A person or entity who performs labor or furnishes labor or materials has a lien on the real property where the work was performed to secure payment for the work. 10 M.R.S. § 3251. The lien is a creature of statute and the time limits under the statute must be met before a lienholder can prevail. *Pineland Lumber Co. v. Robinson*, 382 A.2d 33, 36 (Me. 1978) ("the Legislature saw fit to provide that this special right created in favor of (contractors) should exist only during a limited period of time"). The statute requires that a lien created by the performance of work on the property "may be *preserved* and

2

enforced by action against the debtor and owner of the property affected and all other parties interested therein, . . . within 120 days after the last of the labor or services are performed." 10 M.R.S. § 3255 (emphasis added). The definition of "preserve" means, among other things, "to keep safe from . . .destruction," "to keep. . .intact," "to maintain." *merriam-webster.com* (November 9, 2020).

It is clear that the intent of the Legislature was that a mechanic's lien can survive only if timely suit is brought. If a timely suit is not brought, then the lien no longer has any effect. A previously recorded Notice of Lien is an encumbrance that serves no purpose and the Defendant has no basis to insist on its continued viability.

Defendant argues that Plaintiff has no standing to bring suit and object to the suit on the grounds that Plaintiff is not the owner of record. This claim is not a petition for release pursuant to 10 MRSA § 3263. That provision assumes the lien exists. Here, because Defendant failed to preserve the lien, the lien does not exist. Plaintiff merely seeks an order that the lien does not exist. Because Plaintiff is a leaseholder both with an option to purchase and with obligations under the lease triggered by an assertion of a mechanic's lien, the Plaintiff has a substantial interest in the outcome of this issue. Therefore, Plaintiff has standing to ask the court to discharge the lien. *Franklin Property Trust v. Foresite, Inc.*, 438 A.2d 218, 220 (Me. 1981).

Because the Defendant's late filed objection would not change the outcome, the motion for reconsideration in denied and the court need not address whether the objection was filed in a timely fashion.

The entry is:

Defendant's Motion for Reconsideration of Plaintiff's Request for Discharge of Lien is DENIED. The court's Order Discharging Notice of Lien dated September 23, 2020 remains in full force and effect.

3

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: _Nov 10, 2020_

_____
Thomas R. McKeon
Justice, Maine Superior Court

4